**NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA**

Cause Number: _JS21 - 00184_  F I L E D
(The Clerk's office will fill in the Cause Number when you file this form)

Plaintiff: _Qualow Douglas_
(Print first and last name of the person filing the lawsuit.)

In the 2021 AUG 19 AM 10: 49
☐ District Court
Court ☐ County Court / County Court at Law
Number AL ☐ Justice Court
Texas

And

Defendant: _Dorchester Apartments and Richdale_
(Print first and last name of the person being sued.)

County ☐ BY
CLERK

CC-21-03933-C

## Statement of Inability to Afford Payment of
## Court Costs or an Appeal Bond

### 1. Your Information

My full legal name is: _Qualow_  _Queen_  _Douglas_   My date of birth is: _9 / 27 / 1976_
First        Middle        Last                                                Month/Day/Year

My address is: (Home) _14000 Noel Rd Dallas, TX 75240_

(Mailing) _13601 Preston Rd Ste 710W_

My phone number: _214-402-5611_   My email: _Qualowdouglas@gmail.com_

About my **dependents:** "The people who depend on me financially are listed below.

| Name | Age | Relationship to Me |
|---|---|---|
| 1 Qualow Douglas | 44 | Self |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |

### 2. Are you represented by Legal Aid?

☐ I am being represented in this case for free by an attorney who works for a legal aid provider or who received my case through a legal aid provider. I have attached the certificate the legal aid provider gave me as 'Exhibit: Legal Aid Certificate.
-or-

☐ I asked a legal-aid provider to represent me, and the provider determined that I am financially eligible for representation, but the provider could not take my case. I have attached documentation from legal aid stating this.
or-

☒ I am not represented by legal aid. I did not apply for representation by legal aid.

### 3. Do you receive public benefits?

☒ I do not receive needs-based public benefits. - or -

☐ I receive these **public benefits/government entitlements** that are based on indigency:
(Check ALL boxes that apply and attach proof to this form, such as a copy of an eligibility form or check.)
☐ Food stamps/SNAP   ☐ TANF ☐ Medicaid   ☐ CHIP   ☐ SSI ☐ WIC   ☐ AABD
☐ Public Housing or Section 8 Housing   ☐ Low-Income Energy Assistance ☐ Emergency Assistance
☐ Telephone Lifeline   ☐ Community Care via DADS   ☐ LIS in Medicare ("Extra Help")
☐ Needs-based VA Pension   ☐ Child Care Assistance under Child Care and Development Block Grant
☐ County Assistance, County Health Care, or General Assistance (GA)
☐ Other: _____

**EXHIBIT C**

JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY, TEXAS

2021 SEP 15 PM 2: 49

### 4. What is your monthly income and income sources?

"I get this monthly income:

$_____ in monthly wages. I work as a _____ for _____.
                                           *Your job title*                    *Your employer*

$_____ in monthly unemployment. I have been unemployed since *(date)* _____.

$_____ in public benefits per month.

$_____ from other people in my household each month: *(List only if other members contribute to your household income.)*

$_____ from ☐ Retirement/Pension   ☐ Tips, bonuses   ☐ Disability   ☐ Worker's Comp
              ☐ Social Security   ☐ Military Housing   ☐ Dividends, interest, royalties
              ☐ Child/spousal support
              ☐ My spouse's income or income from another member of my household *(if available)*

$ 5,000 from other jobs/sources of income. *(Describe)* Commission ONLY

$ 5,000 is my *total* monthly income.

### 5. What is the value of your property?

| "My **property** includes: | Value* |
|---|---|
| Cash | $ 0 |
| Bank accounts, other financial assets | |
| _____ | $ 5,000 |
| _____ | $ |
| _____ | $ |
| Vehicles (cars, boats) *(make and year)* | |
| 2013 Mercedes | $ — |
| _____ | $ |
| _____ | $ |
| Other property (like jewelry, stocks, land, another house, etc.) | |
| _____ | $ 0 |
| _____ | $ |
| _____ | $ |
| ***Total* value of property** → | $ |

*The value is the amount the item would sell for less the amount you still owe on it, if anything.

### 6. What are your monthly expenses?

| "My **monthly expenses** are: | Amount |
|---|---|
| Rent/house payments/maintenance | $ 1,300 |
| Food and household supplies | $ 500 |
| Utilities and telephone | $ 150 |
| Clothing and laundry | $ 100 |
| Medical and dental expenses | $ 500 |
| Insurance (life, health, auto, etc.) | $ 700 |
| School and child care | $ |
| Transportation, auto repair, gas | $ 2500 |
| Child / spousal support | $ |
| Wages withheld by court order | $ |
| Debt payments paid to: *(List)* | $ |
| Business Expenses | $ 5,000 |
| _____ | $ |
| ***Total* Monthly Expenses** → | $ 9,750 |

### 7. Are there debts or other facts explaining your financial situation?

"My **debts** include: *(List debt and amount owed)* Increasing business costs affecting affected by pandemic and harm from this lawsuit.

*(If you want the court to consider other facts, such as unusual medical expenses, family emergencies, etc., attach another page to this form labeled "Exhibit: Additional Supporting Facts.")* **Check here if you attach another page.** ☐

### 8. Declaration

I declare under penalty of perjury that the foregoing is true and correct. I further swear:
☒ I cannot afford to pay court costs.
☒ I cannot furnish an appeal bond or pay a cash deposit to appeal a justice court decision.

My name is _____. My date of birth is: 9 / 27 / 1976

My address is 14000 Noel Rd   Dallas   TX   75240   Dallas
              *Street*              *City*   *State*   *Zip Code*   *Country*

_____ signed on 8 / 19 / 2021 in Dallas County, TX
*Signature*                   *Month/Day/Year*        *county name*      *State*

FILED

CASE NO. JS1-00184A

2021 SEP -9 AM 8: 19

QUALON DOUGLAS § JUSTICE OF THE PEACE
ALBERT
§
v. § PRECINT 3, PLACE 1
CLERK'
§
DORCHESTER APARTMENTS and §
RICHDALE APARTMENTS § DALLAS COUNTY, TEXAS

CC-21-03933-C

**Plaintiff's Appeal to ruling denying statement of inability**
**to Afford Payment of Court of an Appeal Bond**

COME NOW, Plaintiff, Qualon Douglas, in the above-entitled and numbered cause, and

files this evidence, in support thereof would respectfully show the Court as follows:

**I.**

1. Plaintiff appeals ruling on inability to pay appeal bond.

2. Rule 506.1 (d)(3)

.

Respectfully submitted,

By: /s/Qualon Douglas
Qualon Douglas
Pro Se
13601 Preston Rd Ste W710
Dallas, TX 75240
PH. (214)402-8611
QUALONDOUGLAS@GMAIL.COM

FILED
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY, TEXAS
2021 SEP 15 PM 2: 21

Page **1** of **2**

**CERTIFICATE OF SERVICE**

This is to certify that on [9th] day of September 2021, a true and correct copy of the

foregoing Notice of Appeal was served on attorney for the Plaintiff, through its attorney Stacy

Bruce by email at: SBRUCE@COBBMARTINEZ.COM

/s/ Qualon Douglas
Qualon Douglas
Pro Se

**CASE NO. <u>JS21-00184A</u>**

| | | |
|---|---|---|
| **QUALON DOUGLAS** | § | **IN THE JUSTICE COURT** |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | **PRECINCT  3,  PLACE  1** |
| | § | |
| **DORCHESTER APARTMENTS and** | § | **DALLAS COUNTY** |
| **RICHDALE APARTMENTS** | § | CC-21-03933-C |
| *Defendants* | § | **STATE OF TEXAS** |
| | § | |

# 𝔉𝔦𝔫𝔡𝔦𝔫𝔤𝔰 𝔬𝔣 𝔱𝔥𝔢 ℭ𝔬𝔲𝔯𝔱

**ON** September 3, 2021, a hearing was held by this Court to determine if Plaintiff can support the claimed Statement of Inability to Afford Payment of an Appeal Bond.  After careful consideration of the testimony as well as the evidence submitted on behalf of the Plaintiff, this court enters the following findings:

- Plaintiff failed to meet the burden to prove their inability to afford payment of an appeal bond.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** by this Court that the Statement of Inability to Afford Payment of an Appeal Bond is denied. All relief not expressly granted herein is denied.

**SIGNED** this September 3, 2021.

_____
**JUDGE PRESIDING**

HVL

FILED
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY, TEXAS
2021 SEP 15  PM 2: 34



**JUDGE AL CERCONE**
Justice of the Peace
Precinct 3, Place 1
Dallas County

## NOTICE OF APPEAL OF
## RULING ON "INABILITY TO AFFORD PAYMENT OF AN APPEAL BOND"
## RE-HEARING REQUIRED WITHIN 14 DAYS

September 9, 2021

Dallas County Clerk
Attn: JP Civil Appeal "Inability to Pay"
600 Commerce St #101
Dallas, TX 75202

RE:     JS21-00184A
        QUALON DOUGLAS vs. DORCHESTER APARTMENTS and RICHDALE APARTMENTS

Pursuant to Texas Rules of Civil Procedure, Rule 506.1(d)(3), enclosed are all documents related to Plaintiff's Inability to Afford Payment of an Appeal Bond for the above-styled and numbered cause. We await your directions pending the re-hearing on Plaintiff's the Inability to Afford Payment of an Appeal Bond.

Respectfully,

L. Gassett, Clerk

Enclosures

Cc:     Court

        QUALON DOUGLAS
        13601 PRESTON RD STE W710
        DALLAS, TX 75240

        STACY HOFFMAN BRUCE
        1700 PACIFIC AVE STE 3100
        DALLAS, TX 75201

FILED
2021 SEP 15 PM 2:21
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY, TEXAS

North Dallas Government Center
6820 Lyndon B. Johnson Frwy., Suite 3100
Dallas, Texas 75240-6511

Main Phone Number: (214) 321-4106
Court Fax Number: (214) 321-4912
Email: JP31Court@dallascounty.org

## London Gassett

| | |
|---|---|
| **From:** | QUALON DOUGLAS <qualondouglas@gmail.com> |
| **Sent:** | Thursday, September 9, 2021 8:12 AM |
| **To:** | JP31Civil |
| **Subject:** | Re: [External Sender]JS21-00184A-Douglas v. Dorchester [IWOV-COBB.FID238769] |
| **Attachments:** | Dorchester Appeal of Inability to pay Bond Ruling.pdf |

Dear Clerk:

Please find the attached document regarding appeal. .

Please date, stamp, and return.

Respectfully submitted,

Qualon Douglas

On Wed, Sep 8, 2021 at 9:41 AM JP31Civil <JP31Civil@dallascounty.org> wrote:

Please see attached.

*Hillary Lessard, Chief Clerk*

**Judge Al Cercone | Justice of the Peace, 3-1**

6820 Lyndon B. Johnson Frwy.| Suite 3100 | Dallas, TX 75240-6511

**Tel** 214-321-4106 | **Fax** 214-321-4912 | JP31Court@dallascounty.org

**From:** QUALON DOUGLAS <qualondouglas@gmail.com>
**Sent:** Tuesday, September 7, 2021 4:13 PM
**To:** JP31Civil <JP31Civil@dallascounty.org>
**Subject:** Re: [External Sender]JS21-00184A-Douglas v. Dorchester [IWOV-COBB.FID238769]

1

## London Gassett

| | |
|---|---|
| **From:** | QUALON DOUGLAS <qualondouglas@gmail.com> |
| **Sent:** | Tuesday, September 7, 2021 4:13 PM |
| **To:** | JP31Civil |
| **Subject:** | Re: [External Sender]JS21-00184A-Douglas v. Dorchester [IWOV-COBB.FID238769] |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Good Afternoon Clerk:
I could not get the zoom link to work for the hearing. Did the Judge enter a ruling?

Respectfully submitted,

Qualon

Direct Phone 214-402-8611

On Sep 3, 2021, at 10:02 AM, JP31Civil <JP31Civil@dallascounty.org> wrote:

Your documents have been received and will be added to the file.

Thanks,

*London Gassett, Clerk*
**Judge Al Cercone | Justice of the Peace, 3-1**
6820 Lyndon B. Johnson Frwy.| Suite 3100 | Dallas, TX 75240-6511
**Tel** 214-321-4106 | **Fax** 214-321-4912 | JP31CIVIL@dallascounty.org

**From:** QUALON DOUGLAS <qualondouglas@gmail.com>
**Sent:** Friday, September 3, 2021 9:45 AM
**To:** JP31Civil <JP31Civil@dallascounty.org>
**Subject:** Re: [External Sender]JS21-00184A-Douglas v. Dorchester [IWOV-COBB.FID238769]

Dear Court:

My records show that no confirmation of filed attached documents have been received.

Could you please confirm you have received them, for today's 11:30am hearing?

Respectfully submitted,

Qualon Douglas
Phone (214)-402-8611

1

On Thu, Aug 26, 2021 at 2:52 PM JP31Civil <JP31Civil@dallascounty.org> wrote:

All,

See attached notice of hearing on Defendant's contest of Plaintiff's inability.

Please note: This hearing is set for September 3, 2021 at 11:00 AM.

Thanks,

*London Gassett, Clerk*

**Judge Al Cercone | Justice of the Peace, 3-1**

6820 Lyndon B. Johnson Frwy. | Suite 3100 | Dallas, TX 75240-6511

Tel 214-321-4106 | **Fax** 214-321-4912 | JP31CIVIL@dallascounty.org

**From:** Stacy Bruce <sbruce@cobbmartinez.com>
**Sent:** Thursday, August 26, 2021 2:31 PM
**To:** JP31Civil <JP31Civil@dallascounty.org>
**Subject:** [External Sender]JS21-00184A-Douglas v. Dorchester [IWOV-COBB.FID238769]

Attached please find Defendant's Contest and Objections to Plaintiff's Statement of Inability to Afford Payment of an Appeal Bond for filing in the above-referenced matter.

Thank you for your assistance.

<image001.jpg>

2

FILED

2021 SEP -3 AM 10: 03

CASE NO. JS1-00184A

| | | |
|---|---|---|
| QUALON DOUGLAS | § | JUSTICE OF THE PEACE |
| | § | JP |
| v. | § | PRECINCT PLACE 1 |
| | § | |
| DORCHESTER APARTMENTS and | § | |
| RICHDALE APARTMENTS | § | DALLAS COUNTY, TEXAS |

## Plaintiff's response to Defendants contest of and objections to statement of inability to afford payment of an appeal bond

COME NOW, Plaintiff, Qualon Douglas, in the above-entitled and numbered cause, and

files this evidence, in support thereof would respectfully show the Court as follows:

**I.**

1.       Plaintiff inability to pay appeal bond.

Respectfully submitted,

By:____/s/Qualon Douglas_____
Qualon Douglas
Pro Se
13601 Preston Rd Ste W710
Dallas, TX 75240
PH. (214)402-8611
QUALONDOUGLAS@GMAIL.COM

FILED
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY, TEXAS
2021 SEP 15 PM 2: 34

## **CERTIFICATE OF SERVICE**

This is to certify that on [1st] day of September 2021, a true and correct copy of the

foregoing Notice of Appeal was served on attorney for the Plaintiff, through its attorney Stacy

Bruce by email at: SBRUCE@COBBMARTINEZ.COM

<div align="right">

/s/ Qualon Douglas
Qualon Douglas
Pro Se

</div>



FILED

2021 SEP -3 AM 10: 03

ALBERT G. GERROME, JP

BY_____
CLERK

# Exhibit A

FILED
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY, TEXAS

2021 SEP 15 PM 2: 34



PLAINTIFF'S
EXHIBIT

A

 Gmail

QUALON DOUGLAS <qualondouglas@gmail.com>

## Payment Confirmation
1 message

**The Dorchester Apartments** <no-reply@rentcafe.com>　　　　　　　　　　Mon, Aug 2, 2021 at 10:18 AM
Reply-To: noreply@richdale.com
To: qualondouglas@gmail.com

Dear Qualon,

This email confirms we have received your one-time online payment. Please review the payment information below and keep this email for your personal records.

**PAYMENT INFORMATION**
Payment Confirmation Number: 60680
Payment Account: WF Chk *****6236
Payment Amount: $1,295.68

To view additional payment details, please log in to your Resident Portal account at:
https://richdale.securecafe.com/residentservices/the-dorchester-apartments/userlogin.aspx

Your account security is important to us. If any of the above information is inaccurate, please contact us immediately.

This is an auto-generated email. Please do not reply to this email.

You expressly acknowledge that any payments made by you to a property manager, owner, or a party other than Yardi ("Payee"), will be submitted to Yardi, as a payment collection agent of the Payee, solely for the limited purpose of accepting and processing such payments. The delivery of the payment by you to Yardi, which acts as the limited payment collection agent of the Payee, shall satisfy your payment obligation to the Payee. Once such payment is received by Yardi on your behalf, you authorize Yardi to electronically credit the funds into the bank account designated by you (e.g., the bank account belonging to the Payee). In the event that Yardi does not properly remit any such payment amounts to the Payee, the Payee will only have recourse against Yardi and not you directly. Assuming you have tendered the proper amount of funds due to us, your payment obligation to the Payee is extinguished upon our receipt of the funds. There is no risk of loss to you if Yardi fails to remit the funds to the Payee.

5300 Spring Valley Road, Dallas, TX 75254

This email was sent to qualondouglas@gmail.com. To ensure you continue receiving our emails, please add us to your address book or safe list. You can opt out of email notifications by clicking here.

FILED
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY, TEXAS
2021 SEP 15 PM 2: 34

 Gmail

QUALON DOUGLAS <qualondouglas@gmail.com>

---

## Payment Confirmation

1 message

---

**The Dorchester Apartments** <no-reply@rentcafe.com>                    Thu, Sep 2, 2021 at 6:59 AM
Reply-To: noreply@richdale.com
To: qualondouglas@gmail.com

Dear Qualon,

This email confirms we have received your one-time online payment. Please review the payment information below and keep this email for your personal records.

**PAYMENT INFORMATION**
Payment Confirmation Number: 67189
Payment Account: WF Chk *****6236
Payment Amount: $1,291.93

To view additional payment details, please log in to your Resident Portal account at:
https://richdale.securecafe.com/residentservices/the-dorchester-apartments/userlogin.aspx

Your account security is important to us. If any of the above information is inaccurate, please contact us immediately.

This is an auto-generated email. Please do not reply to this email.

You expressly acknowledge that any payments made by you to a property manager, owner, or a party other than Yardi ("Payee"), will be submitted to Yardi, as a payment collection agent of the Payee, solely for the limited purpose of accepting and processing such payments. The delivery of the payment by you to Yardi, which acts as the limited payment collection agent of the Payee, shall satisfy your payment obligation to the Payee. Once such payment is received by Yardi on your behalf, you authorize Yardi to electronically credit the funds into the bank account designated by you (e.g., the bank account belonging to the Payee). In the event that Yardi does not properly remit any such payment amounts to the Payee, the Payee will only have recourse against Yardi and not you directly. Assuming you have tendered the proper amount of funds due to us, your payment obligation to the Payee is extinguished upon our receipt of the funds. There is no risk of loss to you if Yardi fails to remit the funds to the Payee.

5300 Spring Valley Road, Dallas, TX 75254

This email was sent to qualondouglas@gmail.com. To ensure you continue receiving our emails, please add us to your address book or safe list. You can opt out of email notifications by clicking here.

2021 SEP 15  PM 2: 34
FILED
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY, TEXAS

August 16, 2021 ■ Page 2 of 7

JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY, TEXAS

2021 SEP 15 PM 2: 34

**WELLS FARGO**

## Summary of accounts

### Checking/Prepaid and Savings

| Account | Page | Account number | Ending balance last statement | Ending balance this statement |
|---|---|---|---|---|
| Wells Fargo® Essential Checking | 2 | | 131.49 | 1,218.71 |
| Wells Fargo Money Market Savings℠ | 5 | | 35.24 | 10.00 |
| | | **Total deposit accounts** | **$166.73** | **$1,228.71** |

## Wells Fargo® Essential Checking

### Statement period activity summary

| | |
|---|---|
| Beginning balance on 7/21 | $131.49 |
| Deposits/Additions | 5,405.56 |
| Withdrawals/Subtractions | − 4,318.34 |
| **Ending balance on 8/16** | **$1,218.71** |

Account number: 

QUALON Q DOUGLAS

Texas/Arkansas account terms and conditions apply

For Direct Deposit use
Routing Number (RTN): 111900659

### Transaction history

| Date | Check Number | Description | Deposits/ Additions | Withdrawals/ Subtractions | Ending daily balance |
|---|---|---|---|---|---|
| 7/22 | | Purchase authorized on 07/21 Cvs/Pharmacy #0390 Dallas TX S581202473298456 Card 1469 | | 1.26 | |
| 7/22 | | Purchase authorized on 07/21 Cvs/Pharmacy #0390 Dallas TX S301203160718083 Card 1469 | | 12.80 | 117.43 |
| 7/26 | | Zelle From Kendra Roberts on 07/26 Ref #Pp0m057410 | 30.00 | | |
| 7/26 | | Recurring Payment authorized on 07/23 Apple.Com/Bill 866-712-7753 CA S301204258134122 Card 1469 | | 21.64 | |
| 7/26 | | Purchase authorized on 07/24 Elaines Cajun Dallas TX S581206665457697 Card 1469 | | 16.23 | 109.56 |
| 7/27 | | Purchase authorized on 07/25 Smoke-N-Chill Dallas TX S301206441094319 Card 1469 | | 10.00 | 99.56 |
| 7/28 | | Recurring Payment authorized on 07/26 Apple.Com/Bill 866-712-7753 CA S461207637381778 Card 1469 | | 10.81 | |
| 7/28 | | Recurring Payment authorized on 07/27 J2 *Rapidfax Svcs 888-805-4441 CA S381208404866061 Card 1469 | | 13.99 | |
| 7/28 | | Recurring Payment authorized on 07/27 Apple.Com/Bill 866-712-7753 CA S301208478474621 Card 1469 | | 10.81 | |
| 7/28 | | Online Transfer Ref #Ib0C26Scjj to Secured Card Xxxxxxxxxxxx1996 on 07/28/21 | | 40.00 | 23.95 |
| 7/29 | | Recurring Payment authorized on 07/27 Apple.Com/Bill 866-712-7753 CA S381208765447530 Card 1469 | | 2.99 | |
| 7/29 | | Purchase authorized on 07/27 Exxon Cypress Dallas TX S581209062816714 Card 1469 | | 16.23 | 4.73 |
| 7/30 | | Oak Cliff CHR.Cu Payroll 0364 | | 50.00 | |

## Hillary Lessard

| From: | JP31Civil |
|---|---|
| Sent: | Wednesday, September 1, 2021 11:08 AM |
| To: | QUALON DOUGLAS; SBruce |
| Cc: | JP31Civil |
| Subject: | RE: [External Sender]JS21-00184A-Douglas v. Dorchester [IWOV-COBB.FID238769] |

JS2100184A (Douglas vs. Dorchester Apts)

**The court has arranged appearance by ZOOM Meeting, and the invitation is included below. Parties may appear in person or by this videoconference. Please make note of the videoconference start time in the invitation below as it may be different from your original notice.**

VIDEOCONFERENCE REQUIREMENTS:

• To attend by videoconference one must have access to a computer or smart phone and a reliable Wi-Fi connection.

• When attending by ZOOM, any documentation that is necessary for you to prosecute or defend your case must be provided at least one day in advance of any scheduled hearing to the court and the opposing parties by mail, email attachment, or courier. There may be a copy fee for documentation sent to the court by email attachment.

Judge Al Cercone is inviting you to a scheduled Zoom meeting.

Topic: Civil Inability on Appeal
Time: Sep 3, 2021 11:30 AM Central Time (US and Canada)

Join Zoom Meeting
https://us02web.zoom.us/j/82135786634?pwd=QjBQUFM0MFhXOTlUdm5HQlNxajJhUT09

Meeting ID: 821 3578 6634
Passcode: 5LvLTt

*Hillary Lessard, Chief Clerk*
**Judge Al Cercone | Justice of the Peace, 3-1**
6820 Lyndon B. Johnson Frwy.| Suite 3100 | Dallas, TX 75240-6511
**Tel** 214-321-4106 | **Fax** 214-321-4912 | JP31Court@dallascounty.org

**From:** QUALON DOUGLAS <qualondouglas@gmail.com>
**Sent:** Tuesday, August 31, 2021 12:08 PM
**To:** JP31Civil <JP31Civil@dallascounty.org>
**Cc:** SBruce <SBruce@CobbMartinez.com>
**Subject:** Re: [External Sender]JS21-00184A-Douglas v. Dorchester [IWOV-COBB.FID238769]

Request to have this Hearing via Zoom due to COVID-19

Respectfully,

Qualon

Direct Phone 214-402-8611

1

All,

See attached notice of hearing on Defendant's contest of Plaintiff's inability.
Please note: This hearing is set for September 3, 2021 at 11:00 AM.

Thanks,

> *London Gassett, Clerk*
> **Judge Al Cercone | Justice of the Peace, 3-1**
> 6820 Lyndon B. Johnson Frwy. | Suite 3100 | Dallas, TX 75240-6511
> **Tel** 214-321-4106 | **Fax** 214-321-4912 | JP31CIVIL@dallascounty.org

---

**From:** Stacy Bruce <sbruce@cobbmartinez.com>
**Sent:** Thursday, August 26, 2021 2:31 PM
**To:** JP31Civil <JP31Civil@dallascounty.org>
**Subject:** [External Sender]JS21-00184A-Douglas v. Dorchester [IWOV-COBB.FID238769]

Attached please find Defendant's Contest and Objections to Plaintiff's Statement of Inability to Afford Payment of an Appeal Bond for filing in the above-referenced matter.

Thank you for your assistance.

<image001.jpg>

**Stacy Hoffman Bruce**
Cobb Martinez Woodward PLLC
1700 Pacific Avenue, Suite 3100
Dallas, Texas 75201
(214) 417-4645 cell
(214) 220-5210 direct
(214) 220-5260 fax
sbruce@cobbmartinez.com
www.cobbmartinez.com

CONFIDENTIALITY NOTICE: This communication, including any attachments, may contain confidential and/or privileged information. It is not intended for transmission to, or receipt by, any unauthorized person. If you received this message in error, please do not read it. Please reply to the sender that you received the message in error and delete the message and any attachments or copies. The unauthorized use, disclosure, copying, or dissemination of the contents of this message or its attachments is strictly prohibited and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege.

This message came from outside of Dallas County Government. Please be thoughtful before you click a link or provide your login information!

2

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

<JS21-00184A HEARING NOTICE.pdf>

FILED
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY, TEXAS
2021 SEP 15  PM 2: 34

3

## London Gassett

| | |
|---|---|
| **From:** | JP31Civil |
| **Sent:** | Thursday, August 26, 2021 2:52 PM |
| **To:** | Stacy Bruce; QUALON DOUGLAS |
| **Subject:** | RE: [External Sender]JS21-00184A-Douglas v. Dorchester [IWOV-COBB.FID238769] |
| **Attachments:** | JS21-00184A HEARING NOTICE.pdf |

All,

See attached notice of hearing on Defendant's contest of Plaintiff's inability.
Please note: This hearing is set for September 3, 2021 at 11:00 AM.

Thanks,

> *London Gassett, Clerk*
> **Judge Al Cercone | Justice of the Peace, 3-1**
> 6820 Lyndon B. Johnson Frwy. | Suite 3100 | Dallas, TX 75240-6511
> Tel 214-321-4106 | **Fax** 214-321-4912 | JP31CIVIL@dallascounty.org

**From:** Stacy Bruce <sbruce@cobbmartinez.com>
**Sent:** Thursday, August 26, 2021 2:31 PM
**To:** JP31Civil <JP31Civil@dallascounty.org>
**Subject:** [External Sender]JS21-00184A-Douglas v. Dorchester [IWOV-COBB.FID238769]

Attached please find Defendant's Contest and Objections to Plaintiff's Statement of Inability to Afford Payment
of an Appeal Bond for filing in the above-referenced matter.

Thank you for your assistance.

CMW
**Stacy Hoffman Bruce**
Cobb Martinez Woodward PLLC
1700 Pacific Avenue, Suite 3100
Dallas, Texas 75201
(214) 417-4645 cell
(214) 220-5210 direct
(214) 220-5260 fax
sbruce@cobbmartinez.com
www.cobbmartinez.com

CONFIDENTIALITY NOTICE: This communication, including any attachments, may contain confidential and/or privileged information. It is not intended for transmission to, or receipt by, any unauthorized person. If you received this message in error, please do not read it. Please reply to the sender that you received the message in error and delete the message and any attachments or copies. The unauthorized use, disclosure, copying, or dissemination of the contents of this message or its attachments is strictly prohibited and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege.

1

FILED
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY, TEXAS

2021 SEP 15  PM 2: 35



**JUDGE AL CERCONE**
Justice of the Peace
Precinct 3, Place 1
Dallas County

# NOTICE OF HEARING

*Statement of Inability to Afford Payment of an Appeal Bond*

August 26, 2021

DORCHESTER APARTMENTS and RICHDALE APARTMENT

SBRUCE@COBBMARTINEZ.COM

*RE:*   *Cause No.* JS   21   00184A   A

QUALON DOUGLAS

*vs.*

DORCHESTER APARTMENTS and RICHDALE APARTMENTS

Please be advised that your Statement of Inability to Pay Costs on Appeal has been contested by the
Defendant     and the same is hereby set for a hearing on

**September 3, 2021** *at* **11:00** *o'clock* **AM**

*in the courtroom of* **Judge Al Cercone, Justice of the Peace, Precinct 3, Place 1,** in and for Dallas
County, Texas, at the **North Dallas Government Center, 6820 Lyndon B. Johnson Frwy., Third Floor,
Dallas, Texas 75240**.

Respectfully,

*London Gassett*
*Clerk of the Court*

*Cc:* QUALON DOUGLAS
QUALONDOUGLAS@GMAIL.COM

---

FILED

CASE NO. JS21-00184A                    21 AUG 26 PM 2:24

| | | |
|---|---|---|
| QUALON DOUGLAS | § | JUSTICE OF THE PEACE |
| | § | |
| V. | § | PRECINCT 3, PLACE 1 |
| | § | CLERK |
| DORCHESTER APARTMENTS and | § | |
| RICHDALE APARTMENTS | § | DALLAS COUNTY, TEXAS |

## DEFENDANT'S CONTEST AND OBJECTIONS TO PLAINTIFF'S STATEMENT OF INABILITY TO AFFORD PAYMENT OF AN APPEAL BOND

### TO THE HONORABLE JUDGE OF SAID COURT:

Dorchester Properties, Ltd (improperly sued as Dorchester Apartments and Richdale Apartments[1]) in the above-referenced cause, and files this its Contest and Objections to Plaintiff's Statement of Inability to Afford Payment of an Appeal Bond ("Plaintiff's Statement") and respectfully shows the Court the following:

1.      Plaintiff chose to file this frivolous lawsuit against the Defendant. Plaintiff paid the $60 requisite filing fee, and $160 to serve both entities for Defendant.

2.      Plaintiff's representation that his Rent/house payments/maintenance is $1,300 is not accurate. Plaintiff's rent for the time period at issue was $1,000, not $1,300. *See* Defendant's Amended Motion for Summary Disposition at Exhibit 1, Exhibit A. Plaintiff's rent is now $1,190 a month. *See* Apartment Lease Contract, a true and correct copy of which is attached hereto as Exhibit A. Furthermore, Plaintiff is not responsible for any of the maintenance in his apartment. *Id.* Plaintiff's representation as to this expense raises a question about the accuracy of Plaintiff's other represented expenses.

3.      Plaintiff's required bond is $500, which is less than half the amount of the Judgment.

---

[1] Since there is only one true party, we refer to Defendant in the singular. But, Defendant is seeking dismissal of all of Plaintiff's claims against all improperly named parties in this lawsuit.

4.      Plaintiff is claiming he cannot pay the appeal bond, but he does not receive public benefits.

5.      Plaintiff's alleged sources of income and expenses lack sufficient explanation. As Plaintiff admitted during the hearing on the Motion for Summary Disposition, Plaintiff is self-employed as an insurance agent. Plaintiff claims he has $5,000 in business expenses without providing any specificity of these required expenses. Plaintiff further admitted on a recent call with Stacy Bruce (Defendant's counsel) that he moved his office to his apartment. Therefore, Plaintiff should have minimal business expenses, if any, and thereby refuting the alleged $5,000 in business expenses.

6.      Plaintiff's Statement indicates he has $5,000 in the bank, which is more than sufficient to pay the required bond.

.7.      Plaintiff's Statement indicates his monthly expense for transportation, auto repair and gas is $1,500 or $2,500 – which appears excessive. When Plaintiff initially filed the lawsuit, he represented his office was close to his apartment. Plaintiff has recently represented he moved his office into his apartment. As such, Plaintiff should have minimal transportation, auto repair, and gas expenses.

8.      Defendant should be not prejudiced by Plaintiff's representation of increasing business costs affected by the pandemic. Defendant is not responsible for the pandemic. Nor, should Plaintiff's increasing business costs impact the Court's decision to evaluate Plaintiff's alleged inability to pay costs. Plaintiff chose to be self-employed. Furthermore, Plaintiff's representation of increasing business costs contradicts Plaintiff's representations to Ms. Bruce regarding working from his apartment.

9.      Plaintiff's excuse of "harm from this Lawsuit" to explain his financial situation is without merit. Defendant's Amended Motion for Summary Disposition specifically focused on Plaintiff's lack of damages. Plaintiff failed to produce any evidence of damages in response to the Amended

Motion for Summary Disposition. As such, this Court should not allow Plaintiff to avoid paying an appeal bond when Plaintiff has already failed to produce the requisite evidence to support his alleged injuries and damages.

10.     Plaintiff paid an appellate fee of $205.00 in June 2021 in a separate case in which he is appealing. *See* Exhibit B, Communication from the Fifth Court of Appeals in Case No. 05-21-00396-CV, *Qualon Douglas v. Farmers Insurance Federal Credit Union.* Notably, Plaintiff did not file a Statement of Inability to Afford Payment of an Appeal Bond in that appeal.

11.     Defendant will be prejudiced if Plaintiff is not required to pay the appeal bond because of an alleged inability to pay the bond. The Apartment Lease Contract clearly allows the prevailing party to recover attorneys' fees. Given this Court's ruling and Plaintiff's appeal, Defendant's attorneys' fees will only increase. If Plaintiff cannot afford the cost of the appeal bond, then he also cannot pay the Judgment which this Court properly granted. As such, Plaintiff should be required to pay the minimum appeal bond given the amount of the Judgement and Defendant's anticipated future attorneys' fees.

**WHEREFORE, PREMISES CONSIDERED,** Dorchester Properties, Ltd (improperly sued as Dorchester Apartments and Richdale Apartments) requests this Court grant Defendant's Contest and Objections to Plaintiff's Statement of Inability to Afford Payment of an Appeal Bond and order Plaintiff to pay the required $500 appeal bond. Defendant further prays for any and all other relief to which it is entitled.

Respectfully submitted,

**COBB MARTINEZ WOODWARD PLLC**
1700 Pacific Avenue, Suite 3100
Dallas, Texas 75201
214.220.5210
214.220.5260 Fax

By:     /s/ Stacy Hoffman Bruce
        **STACY HOFFMAN BRUCE**
        Texas Bar No. 24036793
        sbruce@cobbmartinez.com
        **HANNAH L. HANSEN**
        Texas Bar No. 24116483
        hhansen@cobbmartinez.com

**ATTORNEYS FOR DEFENDANT**

### CERTIFICATE OF SERVICE

I certify a true and correct copy of this document has been forwarded to Plaintiff by email and regular U.S. mail on this 26th day of August, 2021:

Qualon Douglas
P.O. Box 260155
Plano, TX 75026
qualondouglas@gmail.com

/s/ Stacy Hoffman Bruce
**STACY HOFFMAN BRUCE**



FILED
JOHN F WARREN
COUNTY CLERK
DALLAS COUNTY, TEXAS

2021 SEP 15 PM 2:47

TEXAS APARTMENT ASSOCIATION
M E M B B E R

*This Lease Contract is valid only if filled out before January 1.*

# Apartment Lease Contract

**This is a binding contract. Read carefully before signing.**

## Moving In — General Information

**1. Parties.** This Lease Contract ("Lease") is between you, the resident(s) (*list all people signing the Lease*):

Qualon Douglas

and us, the owner: The Dorchester

**(name of apartment community or title holder). You are rent-ing Apartment No.** 1025 **, at** 14000 Noel Road
#1025

(street address) in Dallas

(city), Texas 75240 (zip code) for use as a private residence only. The terms "you" and "your" refer to all residents listed above or, in the event of a sole resident's death, to someone authorized to act for the estate. The terms "we," "us," and "our" refer to the owner listed above and not to property managers or anyone else. *Neither we nor any of our representatives have made any oral promises, representations, or agreements. This Lease is the en-tire agreement between you and us.*

**2. Occupants.** The apartment will be occupied only by you and (*list all other occupants not signing the Lease*):

—and no one else. Anyone not listed here cannot stay in the apartment for more than __3__ days in one week without our prior written consent, and no more than twice that many days in any one month. *If the previous space isn't filled in, 2 days total per week will be the limit.*

**3. Lease Term.** The initial term of the Lease begins on the __1st__ day of __April__ (month), __2021__ (year), and ends at 11:59 p.m. the __31st__ day of __October__ (month), __2021__ (year). After that, this Lease will automatically renew month-to-month un-less either party gives at least __60__ days' written notice of termi-nation or intent to move out as required by Par. 36. *If the number of days isn't filled in, notice of at least 30 days is required.*

**4. Security Deposit.** The total security deposit for all resi-dents is $ __200.00__ , due on or before the date this Lease is signed. This amount [*check one*]: ☐ does or ☒ does not in-clude an animal deposit. Any animal deposit will be desig-nated in an animal addendum. Security-deposit refund check and any deduction itemizations will be [*check one*]:
☒ one check jointly payable to all residents and mailed to any one resident we choose, *or*
☐ one check payable to and mailed to _____

(specify name of one resident).
If neither option is checked here, the first option applies. See Par. 40 and 41 for security-deposit return information.

**5. Keys, Move-Out, and Furniture.** You'll be given _____ apart-ment key(s), _____ mailbox key(s), and _____ other access de-vices for _____
*Before moving out, you must give our representative advance written move-out notice as stated in Par. 36.* The move-out date in your notice [*check one*]: ☐ must be the last day of the month, *or* ☒ may be the exact day designated in your notice. If neither op-tion is checked here, the second applies. Any resident, occupant, or spouse who, according to a remaining resident's affidavit, has per-manently moved out or is under court order not to enter the apart-ment, is (at our option) no longer entitled to occupancy, keys, or other access devices, unless authorized by court order. Your apart-ment will be [*check one*]: ☐ furnished *or* ☒ unfurnished.

**6. Rent and Charges.** You will pay $ ____1190.00____ per month for rent, in advance and without demand:
☒ at the onsite manager's office
☒ through our online payment site
☐ at _____

Prorated rent of $_____ is due for the remainder of the [*check one*]: ☐ 1st month *or* ☐ 2nd month, on the _____ day of _____ (month), _____ (year).
*You must pay your rent on or before the 1st day of each month (due date). There is no grace period for the payment of rent, and you agree that not paying rent on or before the 1st of each month is a material breach of this Lease. Cash is not acceptable without our prior written permission. You cannot withhold or offset rent unless authorized by law.* We may, at our option, require at any time that you pay all rent and other sums in one single payment by any method we accept.

**Late Fees.** If you don't pay rent in full by 11:59 p.m. on the __3rd__ day (3rd or greater) of the month, you must pay us the following initial late fee immediately and without demand in ad-dition to the unpaid rent: ☒ __10__ % of one month's rent as stated in this paragraph or ☐ $ __0.00__ .

In addition, __0__ days until rent and late fees are paid in full, you must pay a daily late fee of $ __0.00__ per day or __0__ % of one month's rent per day.

You'll also pay a charge of $ __30.00__ for each returned check or rejected electronic payment, plus initial and daily late fees, until we receive acceptable payment. If you don't pay rent on time, you'll be in default and subject to all remedies under state law and this Lease.

**7. Utilities and Services.** We'll pay for the following items, if checked: ☐ gas ☐ water ☐ wastewater ☐ electricity ☐ trash/recycling ☐ cable/satellite ☐ master antenna ☐ Internet ☐ stormwater/drainage
☐ other _____
You'll pay for all other utilities and services, related deposits, and any charges or fees on such utilities and services during your Lease term. See Par. 12 for other related provisions regarding util-ities and services.

**8. Insurance.** *Our insurance doesn't cover the loss of or damage to your personal property.* You are [*check one*]:
☒ required to buy and maintain renter's or liability insurance (see attached addendum), *or*
☐ not required to buy renter's or liability insurance.
*If neither option is checked, insurance is not required but is still strongly recommended. Even if not required, we urge you to get your own insurance for losses due to theft, fire, water, pipe leaks, and similar occurrences.* Renter's insurance doesn't cover losses due to a flood. Information on renter's insurance is avail-able from the Texas Department of Insurance.

**9. Special Provisions.** The following or attached special provisions and any addenda or written rules furnished to us at or before signing will become a part of this Lease and will supersede any conflicting provisions of this printed Lease form.

$200 non refundable administrative fee.

**10. Unlawful Early Move-Out And Reletting Charge.**
**10.1 Your Responsibility.** You'll be liable for a reletting charge of $ __1011.50__ (not to exceed 85% of the highest monthly rent during the Lease term) if you: (A) fail to move in, or fail to give written move-out notice as required in Par. 23 or 36; (B) move out without paying rent in full for the entire Lease term or renewal period; (C) move out at our demand because of your default; or (D) are judicially evict-ed. *The reletting charge is not a cancellation fee and does not release you from your obligations under this Lease. See the next section.*

EXHIBIT A

**30.2 Not a Release, Etc.** A charge is neither a lease-cancellation fee nor a buyout fee. It is a liquidated amount covering only part of our damages—for our time, effort, and expense in finding and processing a replacement resident. These damages are uncertain and hard to ascertain—particularly those relating to inconvenience, paperwork, advertising, showing apartments, utilities for showing, checking prospects, overhead, marketing costs, and locator-service fees. You agree that the reletting charge is a reasonable estimate of our damages and that the charge is due whether or not our reletting attempts succeed. If no amount is stipulated, you must pay our actual reletting costs as far as they can be determined. The reletting charge doesn't release you from continued liability for future or past-due rent; charges for cleaning, repairing, repainting, or dealing with unreturned keys; or other sums due.

**11. Security Devices.**

**11.1 What We Provide.** *Texas Property Code secs. 92.151, 92.153, and 92.154 require, with some exceptions, that we provide at no cost to you when occupancy begins: (A) a window latch on each window; (B) a doorviewer (peephole) on each exterior door; (C) a pin lock on each sliding door; (D) either a door-handle latch or a security bar on each sliding door; (E) a keyless bolting device (deadbolt) on each exterior door; and (F) either a keyed doorknob lock or a keyed deadbolt lock on one entry door. Keyed locks will be rekeyed after the prior resident moves out. The rekeying will be done either before you move in or within 7 days after you move in, as required by law. If we fail to install or rekey security devices as required by law, you have the right to do so and deduct the reasonable cost from your next rent payment under Texas Property Code sec. 92.165(1). We may deactivate or not install keyless bolting devices on your doors if (A) you or an occupant in the dwelling is over 55 or disabled, and (B) the requirements of Texas Property Code sec. 92.153(e) or (f) are satisfied.*

**11.2 Who Pays What.** We'll pay for missing security devices that are required by law. *You'll pay for: (A) rekeying that you request (unless we failed to rekey after the previous resident moved out); and (B) repairs or replacements because of misuse or damage by you or your family, your occupants, or your guests.* You must pay immediately after the work is done unless state law authorizes advance payment. You must also pay in advance for any additional or changed security devices you request.

**12. Other Utilities and Services.** Television channels that are provided may be changed during the Lease term if the change applies to all residents. You may use utilities only for normal household purposes and must not waste them. If your electricity is interrupted, you must use only battery-operated lighting (no flames). You must not allow any utilities (other than cable or Internet) to be cut off or switched for any reason—including disconnection for not paying your bills—until the Lease term or renewal period ends. If a utility is submetered or prorated by an allocation formula, we'll attach an addendum to this Lease in compliance with state-agency rules. If a utility is individually metered, it must be connected in your name and you must notify the provider of your move-out date so the meter can be timely read. If you delay getting it turned on in your name by the Lease's start date or cause it to be transferred back into our name before you surrender or abandon the apartment, you'll be liable for a $___50.00___ charge (not to exceed $50 per billing period), plus the actual or estimated cost of the utilities used while the utility should have been billed to you. If you're in an area open to competition and your apartment is individually metered, you may choose or change your retail electric provider at any time. If you qualify, your provider will be the same as ours, unless you choose a different provider. If you do choose or change your provider, you must give us written notice. You must pay all applicable provider fees, including any fees to change service back into our name after you move out.

---

### Special Provisions and "What If" Clauses

**13. Damages and Reimbursement.**

**13.1 Damage in the Apartment Community.** You must promptly pay or reimburse us for loss, damage, consequential damages, government fines or charges, or cost of repairs or service in the apartment community because of a Lease or rules violation; improper use; negligence; other conduct by you, your invitees, your occupants, or your guests; or any other cause not due to our negligence or fault as allowed by law, except for damages by acts of God to the extent they couldn't be mitigated by your action or inaction.

**13.2 Indemnification by You.** *You'll defend, indemnify and hold us harmless from all liability arising from your conduct or that of your invitees, your occupants, your*

guests, or our representatives that occurs in the apartment or in the apartment community and is not caused by our negligence or fault, or by anything not contemplated in this Lease.

**13.3 Damage and Wastewater Stoppage.** *Unless damage or wastewater stoppage is due to our negligence, we're not liable for—and you must pay for—repairs, replacements, and damage of the following kind if occurring during the Lease term or renewal period: (A) damage to doors, windows, or screens; (B) damage from windows or doors left open; and (C) damage from wastewater stoppages caused by improper objects in lines exclusively serving your apartment.*

**13.4 No Waiver.** We may require payment at any time, including advance payment to repair damage that you are liable for. Delay in demanding sums you owe is not a waiver.

**14. Contractual Lien and Property Left in Apartment.**

**14.1 Lien Against Your Property for Rent.** *All property in the apartment (unless exempt under Texas Property Code sec. 54.042) is subject to a contractual lien to secure payment of delinquent rent (except as prohibited by Texas Government Code sec. 2306.6738, for owners supported by housing-tax-credit allocations).* For this purpose, "apartment" excludes common areas but includes the interior living areas and exterior patios, balconies, attached garages, and any storerooms for your exclusive use.

**14.2 Removal After We Exercise Lien for Rent.** *If your rent is delinquent, our representative may peacefully enter the apartment, and remove and/or store all property subject to lien.* All property in the apartment is presumed to be yours unless proved otherwise. After the property is removed, a written notice of entry must be left in a conspicuous place in the apartment—including a list of items removed, the amount of delinquent rent due, and the name, address, and phone number of the person to contact. The notice must also state that the property will be promptly returned when the delinquent rent is fully paid.

**14.3 Removal After Surrender, Abandonment, or Eviction.** We, or law officers, may remove or store all property remaining in the apartment or in common areas (including any vehicles you or any occupant or guest owns or uses) if you're judicially evicted or if you surrender or abandon the apartment (see definitions in Par. 41).

**14.4 Storage.**

**(A)** *No duty.* We'll store property removed under a contractual lien. We may—but we have no duty to—store property removed after judicial eviction, surrender, or abandonment of the apartment.

**(B)** *No liability.* We're not liable for casualty, loss, damage, or theft, except for property removed under a contractual lien.

**(C)** *Charges you pay.* You must pay reasonable charges for our packing, removing, storing, and selling of any property.

**(D)** *Our lien.* We have a lien on all property removed and stored after surrender, abandonment, or judicial eviction for all sums you owe, with one exception: our lien on property listed under Texas Property Code sec. 54.042 is limited to charges for packing, removing, and storing.

**14.5 Redemption.**

**(A)** *Property on which we have a lien.* If we've seized and stored property under a contractual lien for rent as authorized by law, you may redeem the property by paying all delinquent rent due at the time of seizure. But if notice of sale (see Par. 14.6(C)) is given before you seek redemption, you may redeem only by paying the delinquent rent plus our reasonable charges for packing, removing, and storing.

**(B)** *Property removed after surrender, abandonment, or judicial eviction.* If we've removed and stored property after surrender, abandonment, or judicial eviction, you may redeem only by paying all sums you owe, including rent, late fees, reletting charges, storage charges, damages, etc.

**(C)** *Place and payment for return.* We may return redeemed property at the place of storage, the management office, or the apartment (at our option). We may require payment by cash, money order, or certified check.

**14.6 Disposition or Sale.**

**(A)** *Our options.* Except for animals, we may throw away or give to a charitable organization all personal property that is:

(1) left in the apartment after surrender, abandonment or death of a sole resident; *or*

(2) left outside more than 1 hour after writ of possession is executed, following judicial eviction.

---

ment, or eviction must be kenneled or turned over to a local authority, humane society, or rescue organization.

**(C)** *Sale of property.* Property not thrown away or given to charity may be disposed of under by sale, which must be held no sooner than 30 days after written notice of the date, time, and place of sale is sent by both regular mail and certified mail (return receipt requested) to your last known address. The notice must itemize the amounts you owe and provide the name, address, and phone number of the person to contact about the sale, the amount owed, and your right to redeem the property. The sale may be public or private; is subject to any third-party ownership or lien claims; must be to the highest cash bidder; and may be in bulk, in batches, or item-by-item. If the proceeds from the sale are more than you owe, the excess amount must be mailed to you at your last known address within 30 days after sale.

**15. Failing to Pay First Month's Rent.** If you don't pay the first month's rent when or before the Lease begins, all future rent for the Lease term will be automatically accelerated without notice and become immediately due. We also may end your right of occupancy and recover damages, future rent, reletting charges, attorney's fees, court costs, and other lawful charges. Our rights, remedies and duties under Par. 10 and 32 apply to acceleration under this paragraph.

**16. Rent Increases and Lease Changes.** No rent increases or Lease changes are allowed before the initial Lease term ends, except for those allowed by special provisions in Par. 9, by a written addendum or amendment signed by you and us, or by reasonable changes of apartment rules allowed under Par. 19. If, at least 5 days before the advance-notice deadline referred to in Par. 3, we give you written notice of rent increases or Lease changes that become effective when the Lease term or renewal period ends, this Lease will automatically continue month-to-month with the increased rent or Lease changes. The new modified Lease will begin on the date stated in the notice (without needing your signature) unless you give us written move-out notice under Par. 36. The written move-out notice under Par. 36 applies only to the end of the current Lease or renewal period.

**17. Delay of Occupancy.**

**17.1 Lease Remains in Force.** We are not responsible for any delay of your occupancy caused by construction, repairs, cleaning, or a previous resident's holding over. This Lease will remain in force subject to:
(A) abatement of rent on a daily basis during delay, *and*
(B) your right to terminate the lease in writing as set forth below.

**17.2 Your Termination Rights.** Termination notice must be in writing. After termination under 17.1(B), you are entitled only to refund of any deposit(s) and any rent you paid. Rent abatement or Lease termination does not apply if the delay is for cleaning or repairs that don't prevent you from moving into the apartment.

**17.3 Notice of Delay.** If there is a delay of your occupancy and we haven't given notice of delay as set forth immediately below, you may terminate this Lease up to the date when the apartment is ready for occupancy, but not later.
(a) If we give written notice to any of you or your occupants when or after the Lease begins—and the notice states that occupancy has been delayed because of construction or a previous resident's holding over, and that the apartment will be ready on a specific date—you may terminate the Lease within 3 days after you receive written notice, but no later.
(b) If we give any of you written notice before the date the Lease begins and the notice states that a construction delay is expected and that the apartment will be ready for you to occupy on a specific date, you may terminate the Lease within 7 days after receiving written notice, but no later. The readiness date stated in the written notice becomes the new effective Lease date for all purposes. This new date can't be moved to an earlier date unless we and you agree in writing.

**18. Disclosure of Information.** We may, but are not obligated to, share and use information related to this lease for law-enforcement, governmental, or business purposes. At our request, any utility provider may give us information about pending or actual connections or disconnections of utility service to your apartment.

**While You're Living in the Apartment**

**19. Community Policies and Rules.**

**19.1 Generally.** Our rules are considered part of this Lease. You, your occupants, and your guests must comply with all written apartment rules and community policies, includ-

(A) the use of patios, balconies, and porches; (B) the conduct of furniture movers and delivery persons; and (C) activities in common areas. We may make reasonable changes to written rules, and those rules can become effective immediately if the rules are distributed and applicable to all units in the apartment community and do not change the dollar amounts on pages 1 or 2 of this Lease.

**19.2 Some Specifics.** Your apartment and other areas reserved for your private use must be kept clean. Trash must be disposed of at least weekly in appropriate receptacles in accordance with local ordinances. Passageways may be used only for entry or exit. You will use balconies with care and will not overload them. Any swimming pools, saunas, spas, tanning beds, exercise rooms, storerooms, laundry rooms, and similar areas must be used with care and in accordance with apartment rules and posted signs.

**19.3 Limitations on Conduct.** Glass containers are prohibited in or near pools and all other common areas. Within the apartment community, you, your occupants, and your guests must not use candles or kerosene lamps or heaters without our prior written approval, or cook on balconies or outside. You, your occupants, and your guests must not solicit business or contributions. Conducting any kind of business (including child-care services) in your apartment or in the apartment community is prohibited—except that any lawful business conducted "at home" by computer, mail, or telephone is permissible if customers, clients, patients, or other business associates do not come to your apartment for business purposes.

**19.4 Exclusion of Persons.** We may exclude from the apartment community any guests or others who, in our judgment, have been violating the law, violating this Lease or our rules, or disturbing other residents, neighbors, visitors, or owner representatives. We may also exclude from any outside area or common area anyone who refuses to show photo identification or refuses to identify himself or herself as a resident, an occupant, or a guest of a specific resident in the community.

**19.5 Notice of Convictions and Registration.** You must notify us within 15 days if you or any of your occupants are convicted of (A) any felony, or (B) any misdemeanor involving a controlled substance, violence to another person, or destruction of property. You must also notify us within 15 days if you or any of your occupants register as a sex offender. Informing us of a criminal conviction or sex-offender registration doesn't waive any rights we may have against you.

**20. Prohibited Conduct.** You, your occupants, and your guests may not engage in the following activities:
(a) criminal conduct, regardless of whether or where arrest or conviction occurs, including but not limited to: manufacturing, delivering, or possessing a controlled substance or drug paraphernalia; engaging in or threatening violence; possessing a weapon prohibited by law; discharging a firearm in the apartment community; or, except when allowed by law, displaying or possessing a gun, knife, or other weapon in the common area, or in a way that may alarm others;
(b) behaving in a loud or obnoxious manner;
(c) disturbing or threatening the rights, comfort, health, safety, or convenience of others (including our agents and employees) in or near the apartment community;
(d) disrupting our business operations;
(e) storing anything in closets containing gas appliances;
(f) tampering with utilities or telecommunications;
(g) bringing hazardous materials into the apartment community;
(h) using windows for entry or exit;
(i) heating the apartment with a gas-operated cooking stove or oven; *or*
(j) making bad-faith or false allegations against us or our agents to others.

**21. Parking.** We may regulate the time, manner, and place of parking all cars, trucks, motorcycles, bicycles, boats, trailers, and recreational vehicles. Motorcycles or motorized bikes must not be parked inside an apartment, on sidewalks, under stairwells, or in handicapped-parking areas. We may have any unauthorized or illegally parked vehicles towed or booted according to state law at the owner or operator's expense at any time if the vehicle:
(a) has a flat tire or is otherwise inoperable;
(b) is on jacks, on blocks, or has a wheel missing;
(c) takes up more than one parking space;
(d) belongs to a resident or occupant who has surrendered or abandoned the apartment;
(e) is in a handicapped space without the legally required handicapped insignia;

(f) is not a vehicle of a resident, occupant, or office visitor, manager, or *employee*; or (g) is in violation of any rules or policies of the Community addendum attached to this Lease.

(g) blocks another vehicle from exiting;

(h) is in a fire lane or designated "no parking" area;

(i) is in a space that requires a permit or is reserved for another resident or apartment;

(j) is on the grass, sidewalk, or patio;

(k) blocks a garbage truck from access to a dumpster;

(l) has no current license or registration, and we have given you at least 10 days' notice that the vehicle will be towed if not removed; or

(m) is not moved to allow parking lot maintenance.

**22. Release of Resident.**

**22.1 Generally.** *You may have the right under Texas law to terminate the Lease early in certain situations involving family violence, certain sexual offenses, or stalking.* Otherwise, unless you're entitled to terminate this Lease under Par. 9, 17, 23, 31, or 36, you won't be released from this Lease for any reason—including voluntary or involuntary school withdrawal or transfer, voluntary or involuntary job transfer, marriage, separation, divorce, reconciliation, loss of coresidents, loss of employment, bad health, property purchase, or death.

**22.2 Death of Sole Resident.** If you are the sole resident and die during the Lease term, an authorized representative of your estate may terminate the Lease without penalty by giving at least 30 days' written notice. Your estate will be liable for your Lease obligations until the latter of: (A) the termination date or (B) removal of all possessions in the apartment. Your estate will also be liable for all charges and damages until the apartment is vacated, and any removal or storage costs.

**23. Military Personnel.**

**23.1 Termination Rights.** *You may have the right under Texas law to terminate the Lease in certain situations involving military deployment or transfer.* You may terminate the Lease if you enlist, are drafted into, or are commissioned in the U.S. Armed Forces. You also may terminate the Lease if:

(a) you are (1) a member of the U.S. Armed Forces or Reserves on active duty, or (2) a member of the National Guard called to active duty for more than 30 days in response to a national emergency declared by the President; *and*

(b) you (1) receive orders for a permanent change of station, (2) receive orders to deploy with a military unit or as an individual in support of a military operation for 90 days or more, or (3) are relieved or released from active duty.

**23.2 How to Terminate Under This Par. 23.** You must furnish us a copy of your military orders, such as permanent-change-of-station orders, call-up orders, or deployment orders (or letter equivalent). Military permission for base housing doesn't constitute a permanent-change-of-station order. You must deliver to us your written termination notice, after which the Lease will be terminated under this military clause 30 days after the date your next rental payment is due. After your move-out, we'll return your security deposit, less lawful deductions.

**23.3 Who May Be Released.** For the purposes of this Lease, orders described in (b) under Par. 23.1 above will release only the resident who qualifies under both (a) and (b) above and receives the orders during the Lease term, plus that resident's spouse or legal dependents living in the resident's household. A coresident who is not the spouse or dependent of a military resident cannot terminate under this military clause.

**23.4 Your Representations.** Unless you state otherwise in Par. 9, you represent when signing this Lease that:

(a) you do not already have deployment or change-of-station orders;

(b) you will not be retiring from the military during the Lease term; *and*

(c) the term of your enlistment or obligation will not end before the Lease term ends.

You must notify us immediately if you are called to active duty or receive deployment or permanent-change-of-station orders.

**23.5 Damages for False Representations.** Liquidated damages for making a false representation of the above will be the amount of unpaid rent for the remainder of the Lease term when and if you move out, minus rents from others received in mitigation under Par. 32.6.

**24. Resident Safety and Loss.**

**24.1 Disclaimer.** *We disclaim any express or implied warranties of security.* We care about your safety and that of other occupants and guests. You agree to make every effort

to keep yourself safe. *No security system is foolproof. Even the best system can't prevent crime. Always act as if security systems don't exist since they are subject to malfunction, tampering, and human error. The best safety measures are the ones you take as a matter of common sense and habit.*

**24.2 Your Duty of Due Care.** You, your occupants, and your guests must exercise due care for your own and others' safety and security, especially in using smoke alarms and other detection devices, door and window locks, and other safety or security devices. Window screens are not for security or to keep people from falling out of windows.

**24.3 Alarm and Detection Devices.**

**(A)** *What we'll do.* We'll furnish smoke alarms or other detection devices required by law or city ordinance. We may install additional detectors not so required. We'll test them and provide working batteries when you first take possession of your apartment. Upon request, we'll provide, as required by law, a smoke alarm capable of alerting a person with a hearing-impairment disability.

**(B)** *Your duties.* You must pay for and replace batteries as needed, unless the law provides otherwise. We may replace dead or missing batteries at your expense, without prior notice to you. You must immediately report alarm or detector malfunctions to us. Neither you nor others may disable alarms or detectors. *If you damage or disable the smoke alarm, or remove a battery without replacing it with a working battery, you may be liable to us under Texas Property Code sec. 92.2611 for $100 plus one month's rent, actual damages, and attorney's fees.* You'll be liable to us and others if you fail to report malfunctions, or fail to report any loss, damage, or fines resulting from fire, smoke, or water.

**24.4 Loss.** Unless otherwise required by law, we're not liable to any resident, guest, or occupant for personal injury or damage, loss of personal property, or loss of business or personal income, from any cause, including fire, smoke, rain, flood, water leaks, hail, ice, snow, lightning, wind, explosions, interruption of utilities, pipe leaks, theft, vandalism, and negligent or intentional acts of residents, occupants, or guests. We have no duty to remove any ice, sleet, or snow but may remove any amount with or without notice. Unless we instruct otherwise, during freezing weather you must for 24 hours a day: (A) keep the apartment heated to at least 50° Fahrenheit, (B) keep cabinet and closet doors open, and (C) drip hot- and cold-water faucets. You'll be liable for any damage to our and others' property caused by broken water pipes due to your violating these requirements.

**24.5 Crime or Emergency.** Immediately dial 911 or call local medical-emergency, fire, or police personnel in case of accident, fire, smoke, suspected criminal activity, or any other emergency involving imminent harm. You should then contact our representative. None of our security measures are an express or implied warranty of security—or a guarantee against crime or of reduced risk of crime. Unless otherwise provided by law, we're not liable to you, your occupants, or your guests for injury, damage, or loss to person or property caused by criminal conduct of other persons, including theft, burglary, assault, vandalism, or other crimes. Even if previously provided, we're not obliged to furnish security personnel, patrols, lighting, gates, fences, or other forms of security unless required by law. We're not responsible for obtaining criminal-history checks on any residents, occupants, guests, or contractors in the apartment community. If you, your occupants, or your guests are affected by a crime, you must make a written report to the appropriate local law-enforcement agency and to our representative. You must also give us the law-enforcement agency's incident-report number upon request.

**25. Condition of the Premises and Alterations.**

**25.1 As-Is.** *We disclaim all implied warranties.* You accept the apartment, fixtures, and furniture as is, except for conditions materially affecting the health or safety of ordinary persons. You'll be given an Inventory & Condition form on or before move-in. Within 48 hours after move-in, you must note on the form all defects or damage, sign the form, and return it to us. Otherwise, everything will be considered to be in a clean, safe, and good working condition.

**25.2 Standards and Improvements.** You must use customary diligence in maintaining the apartment and not damaging or littering the common areas. Unless authorized by law or by us in writing, you must not do any repairs, painting, wallpapering, carpeting, electrical changes, or otherwise alter our property. No holes or stickers are allowed inside or outside the apartment. Unless our rules state otherwise, we'll permit a reasonable number of small nail holes for hanging pictures on sheetrock walls and grooves of wood-paneled walls. No water furniture, washing machines, extra phone or television

outdoor bicycle, sk- changes, additions, or altering any permitted items allowed to be contained in writing. You may install a satellite dish or antenna, but only if you sign our satellite-dish or antenna lease addendum, which complies with reasonable restrictions allowed by federal law. You must not alter, damage, or remove our property, including alarm systems, detection devices, furniture, telephone and television wiring, screens, locks, and security devices. When you move in, we'll supply light bulbs for fixtures we furnish, including exterior fixtures operated from inside the apartment; after that, you'll replace them at your expense with bulbs of the same type and wattage. Your improvements to the apartment (made with or without our consent) become ours unless we agree otherwise in writing.

**25.3 Fair Housing.** In accordance with fair-housing laws, we'll make reasonable accommodations to our rules, policies, practices, or services. We'll allow reasonable modifications under these laws to give disabled persons access to and use of this apartment community. We may require you to sign an addendum regarding the implementation of any accommodations or modifications, as well as your restoration obligations, if any.

### 26. Requests, Repairs, and Malfunctions.

**26.1 Written Requests Required.** *If you or any occupant needs to send a notice or request—for example, for repairs, installations, services, ownership disclosure, or security-related matters—it must be written, signed, and delivered to our designated representative in accordance with our policies* (except in case of fire, smoke, gas, explosion, overflowing sewage, uncontrollable running water, electrical shorts, crime in progress, or fair-housing accommodation or modification). Our written notes on your oral request do not constitute a written request from you. Our complying with or responding to any oral request regarding security or any other matter doesn't waive the strict requirement for written notices under this Lease.

**26.2 Required Notifications.** You must promptly notify us in writing of water leaks, mold, electrical problems, malfunctioning lights, broken or missing locks or latches, and other conditions that pose a hazard to property, health, or safety.

**26.3 Utilities.** We may change or install utility lines or equipment serving the apartment if the work is done reasonably without substantially increasing your utility costs. We may turn off equipment and interrupt utilities as needed to avoid property damage or to perform work. If utilities malfunction or are damaged by fire, water, or similar cause, you must notify our representative immediately.

**26.4 Casualty Loss and Equipment Repair.** We'll act with customary diligence to make repairs and reconnections, taking into consideration when casualty-insurance proceeds are received. Unless required by statute after a casualty loss, or during equipment repair, your rent will not abate in whole or in part. Air-conditioning problems are normally not emergencies. If air-conditioning or other equipment malfunctions, you must notify us as soon as possible on a business day.

**26.5 Our Right to Terminate.** If we believe that fire or catastrophic damage is substantial, or that performance of needed repairs poses a danger to you, we may terminate this Lease by giving you at least 7 days' written notice. We also have the right to terminate this Lease during the Lease term by giving you at least 30 days' written notice of termination if we are demolishing your apartment or closing it and it will no longer be used for residential purposes for at least 6 months. If the Lease is so terminated, we'll refund prorated rent and all deposits, less lawful deductions. We may also remove and dispose of personal property if we believe it causes a health or safety hazard.

### 27. Animals.

**27.1 No Animals Without Consent.** *No animals (including mammals, reptiles, birds, fish, rodents, amphibians, arachnids, and insects) are allowed, even temporarily, anywhere in the apartment or apartment community unless we've given written permission.* If we allow an animal, you must sign a separate animal addendum and, except as set forth in the addendum, pay an animal deposit. An animal deposit is considered a general security deposit. The animal addendum includes information governing animals, including assistance or service animals. We'll authorize an assistance or support animal for a disabled person without requiring an animal deposit. We may require verification of your disability and the need for such an animal. You must not feed stray or wild animals.

**27.2 Violations of Animal Policies.**

(A) *Charges for violations.* If you or any guest or occupant violates animal restrictions (with or without your knowledge), you'll be subject to charges, damages, eviction, and other remedies provided in this Lease. If you violate the animal restrictions or other animal rules, you'll pay an initial charge of $ __100.00__ per animal

(not to exceed $10 per day per animal) from the date the animal was brought into your apartment until it is removed. If an animal has been in the apartment at any time during your term of occupancy (with or without our consent), you must pay for all cleaning and repair costs, including defleaing, deodorizing, and shampooing.

(B) *Removal and return of animal.* We may remove an unauthorized animal by (1) leaving, in a conspicuous place in the apartment, a written notice of our intent to remove the animal within 24 hours; and (2) following the procedures of Par. 28. We may keep or kennel the animal, or turn it over to a humane society, local authority or rescue organization. When keeping or kenneling an animal, we won't be liable for loss, harm, sickness, or death of the animal unless due to our negligence. You must pay for the animal's reasonable care and kenneling charges. We'll return the animal to you upon request if it has not already been turned over to a humane society, local authority or rescue organization.

### 28. When We May Enter.
If you or any guest or occupant is present, then repairers, servicers, contractors, government representatives, lenders, appraisers, prospective residents or buyers, insurance agents, persons authorized to enter under your rental application, or our representatives may peacefully enter the apartment at reasonable times for reasonable business purposes. If nobody is in the apartment, then any such person may enter peacefully and at reasonable times by duplicate or master key (or by breaking a window or other means when necessary) for reasonable business purposes if written notice of the entry is left in a conspicuous place in the apartment immediately after the entry. Law officers with a search or arrest warrant or those in hot pursuit may be allowed to enter. We are under no obligation to enter only when you are present, and we may, but are under no obligation to, give prior notice or make appointments.

### 29. Multiple Residents.
Each resident is jointly and severally liable for all Lease obligations. If you or any guest or occupant violates the Lease or rules, all residents are considered to have violated the Lease. Our requests and notices (including sale notices) to any resident constitute notice to all residents and occupants. Notices and requests from any resident or occupant constitute notice from all residents. Your notice of Lease termination may be given only by a resident. In eviction suits, each resident is considered the agent of all other residents in the apartment for service of process. Any resident who defaults under this Lease will indemnify the nondefaulting residents and their guarantors.

## Replacements

### 30. Replacements and Subletting.

**30.1 When Allowed.** Replacing a resident, subletting, licensing or assigning a resident's rights is allowed *only when we consent in writing.* If a departing or remaining resident finds a replacement resident acceptable to us before moving out and we expressly consent to the replacement, subletting, or assignment, then:

(a) a reletting charge will not be due;

(b) a reasonable administrative (paperwork) fee will be due, and a rekeying fee will be due if rekeying is requested or required; *and*

(c) the departing and remaining residents will remain liable for all Lease obligations for the rest of the original Lease term.

**30.2 Procedures for Replacement.** If we approve a replacement resident, then, at our option: (A) the replacement resident must sign this Lease with or without an increase in the total security deposit; or (B) the remaining and replacement residents must sign an entirely new Lease. Unless we agree otherwise in writing, the departing resident's security deposit will automatically transfer to the replacement resident as of the date we approve. The departing resident will no longer have a right to occupancy or to a security-deposit refund, but will remain liable for the remainder of the original Lease term unless we agree otherwise in writing—even if a new Lease is signed.

**30.3 Rental Prohibited.** You agree that you won't rent, or offer to rent or license all or any part of your apartment to anyone else unless otherwise agreed to by us in writing. You agree that you won't accept anything of value from anyone else for the use of any part of your apartment. You agree not to list any part of your apartment on any lodging rental website or with any person or service that advertises dwellings for rent.

## 31. Our Responsibilities.

**31.1 Generally.** We'll act with customary diligence to:
(a) keep common areas reasonably clean, subject to Par. 25;
(b) maintain fixtures, hot water, heating, and air-conditioning equipment;
(c) substantially comply with all applicable laws regarding safety, sanitation, and fair housing; *and*
(d) make all reasonable repairs, subject to your obligation to pay for damages for which you're liable.
The time, manner, method and means of performing maintenance and repairs, including whether or which vendors to use, are within our sole discretion.

**31.2 Your Remedies.** *If we violate any of the above, you may possibly terminate this Lease and exercise other remedies under Texas Property Code Sec. 92.056 by following this procedure:*
(a) all rent must be current, and you must make a written request for repair or remedy of the condition—after which we'll have a reasonable time for repair or remedy;
(b) if we fail to do so, you must make a second written request for repair or remedy (to make sure that there has been no miscommunication between us)—after which we'll have a reasonable time to repair or remedy; *and*
(c) if the repair or remedy still hasn't been accomplished within that reasonable time period, you may immediately terminate this Lease by giving us a final written notice. *You also may exercise other statutory remedies, including those under Texas Property Code Sec. 92.0561.*

**31.3 Request by Mail.** Instead of giving the two written requests referred to above, you may give us one request by certified mail, return receipt requested, by registered mail, or by any trackable mail or delivery method through the postal service or a private delivery service—after which we'll have a reasonable time to repair or remedy. "Reasonable time" accounts for the nature of the problem and the reasonable availability of materials, labor, and utilities. Your rent must be current when you make any request. We'll refund security deposits and prorated rent as required by law.

## 32. Default by Resident.

**32.1 Acts of Default.** You'll be in default if: (A) you don't timely pay rent or other amounts you owe; (B) you or any guest or occupant violates this Lease, apartment rules, or fire, safety, health, or criminal laws, regardless of whether or where arrest or conviction occurs; (C) you abandon the apartment; (D) you give incorrect or false answers in a rental application; (E) you or any occupant is arrested, charged, detained, convicted, or given deferred adjudication or pretrial diversion for (1) an offense involving actual or potential physical harm to a person, or involving the manufacture or delivery of a controlled substance, marijuana, or drug paraphernalia as defined in the Texas Controlled Substances Act, or (2) any sex-related crime, including a misdemeanor; (F) any illegal drugs or paraphernalia are found in your apartment; or (G) you or any occupant, in bad faith, makes an invalid habitability complaint to an official or employee of a utility company or the government.

**32.2 Eviction.** *If you default or hold over, we may end your right of occupancy by giving you at least a 24-hour written notice to vacate.* Notice may be given by: (A) regular mail; (B) certified mail, return receipt requested; (C) personal delivery to any resident; (D) personal delivery at the apartment to any occupant over 16 years old; (E) affixing the notice to the inside of the apartment's main entry door; or (F) securely affixing the notice to the outside of the apartment's main entry door as allowed by law. Notice by mail under (A) or (B) will be considered delivered on the earlier of actual delivery, or 3 days after the notice is deposited in the U.S. Postal Service with postage. Termination of your possession rights or a later reletting doesn't release you from liability for future rent or other Lease obligations. *After giving notice to vacate or filing an eviction suit, we may still accept rent or other sums due;* the filing or acceptance doesn't waive or diminish our right of eviction or any other contractual or statutory right. Accepting money at any time doesn't waive our right to damages, to past or future rent or other sums, or to our continuing with eviction proceedings. *In an eviction, rent is owed for the full rental period and will not be prorated.*

**32.3 Acceleration.** Unless we elect not to accelerate rent, all monthly rent for the rest of the Lease term or renewal period will be accelerated automatically without notice or demand (before or after acceleration) and will be immediately due and delinquent if, without our consent: (A) you move out, remove property in preparing to move

ment to move out before the Lease term or renewal period ends; and (B) you haven't paid all rent for the entire Lease term or renewal period. Such conduct is considered a default for which we need not give you notice. Remaining rent will also be accelerated if you're judicially evicted or move out when we demand because you've defaulted. Acceleration is subject to our mitigation obligations below.

**32.4 Holdover.** You or any occupant, invitee, or guest must not hold over beyond the date contained in your move-out notice or our notice to vacate (or beyond a different move-out date agreed to by the parties in writing). If a holdover occurs, then (A) holdover rent is due in advance on a daily basis and may become delinquent without notice or demand; (B) rent for the holdover period will be increased by 25% over the then-existing rent, without notice; (C) you'll be liable to us (subject to our mitigation duties) for all rent for the full term of the previously signed Lease of a new resident who can't occupy because of the holdover; and (D) at our option, we may extend the Lease term—for up to one month from the date of notice of Lease extension—by delivering written notice to you or your apartment while you continue to hold over.

**32.5 Other Remedies.** We may report unpaid amounts to credit agencies as allowed by law. If we or our debt collector tries to collect any money you owe us, you agree that we or the debt collector may contact you by any legal means, including texting, calling your cell phone, and using an automated dialer. If you default, you will pay us, in addition to other sums due, any amounts stated to be rental discounts or concessions agreed to in writing. Upon your default, we have all other legal remedies, including Lease termination and statutory lockout under Texas Property Code Sec. 92.0081, *except as lockouts and liens are prohibited by Texas Government Code sec. 2306.6738 for owners supported by housing-tax-credit allocations.* A prevailing party may recover reasonable attorney's fees and all other litigation costs from the nonprevailing parties, except a party may not recover attorney's fees and litigation costs in connection with a party's claims seeking personal-injury, sentimental, exemplary or punitive damages. We may recover attorney's fees in connection with enforcing our rights under this Lease. All unpaid amounts you owe, including judgments, bear 18% interest per year from the due date, compounded annually. You must pay all collection-agency fees if you fail to pay sums due within 10 days after we mail you a letter demanding payment and stating that collection-agency fees will be added if you don't pay all sums by that deadline. You are also liable for a charge (not to exceed $150) to cover our time, cost and expense for the lawful removal of an animal or in any eviction proceeding against you, plus attorney's fees, court costs, and filing fees actually paid.

**32.6 Mitigation of Damages.** If you move out early, you'll be subject to Par. 10 and all other remedies. We'll exercise customary diligence to relet and minimize damages. We'll credit all later rent that we actually receive from subsequent residents against your liability for past-due and future rent and other sums due.

**General Clauses**

## 33. Other Important Provisions.

**33.1 Representatives' Authority; Waivers; Notice.** *Our representatives (including management personnel, employees, and agents) have no authority to waive, amend, or terminate this Lease or any part of it unless in writing, and no authority to make promises, representations, or agreements that impose security duties or other obligations on us or our representatives, unless in writing.* Any dimensions and sizes provided to you relating to the apartment are only approximations or estimates; actual dimensions and sizes may vary. No action or omission by us will be considered a waiver of our rights or of any subsequent violation, default, or time or place of performance. *Our choice to enforce, not enforce or delay enforcement of written-notice requirements, rental due dates, acceleration, liens, or other rights isn't a waiver under any circumstances.* Except when notice or demand is required by law, you waive any notice and demand for performance from us if you default. If anyone else has guaranteed performance of this Lease, a separate Lease Guaranty for each guarantor must be executed. Written notice to or from our managers constitutes notice to or from us. Any person giving a notice under this Lease should keep a copy or record of it. Fax or electronic signatures are binding. All notices must be signed. Notice may be given electronically *by us to you* if allowed by law. If allowed by law and in accordance with our policies, electronic notice *from you to us*

**33.2 Miscellaneous.** All remedies are cumulative. Exercising one remedy won't constitute an election or waiver of other remedies. All provisions regarding our nonliability or nonduty apply to our employees, agents, and management companies. No employee, agent, or management company is personally liable for any of our contractual, statutory, or other obligations merely by virtue of acting on our behalf. This Lease binds subsequent owners. This Lease is subordinate to existing and future recorded mortgages, unless the owner's lender chooses otherwise. All Lease obligations must be performed in the county where the apartment is located. If you have insurance covering the apartment or your personal belongings at the time you or we suffer or allege a loss, you agree to waive any insurance subrogation rights. All notices and documents may be in English and, at our option, in any other language that you read or speak. The term "including" in this Lease should be interpreted to mean "including but not limited to." Nothing in this Lease constitutes a waiver of our remedies for a breach under your prior lease that occurred before the lease term in Par. 3 begins.

**33.3 Severability.** If any provision of this Lease is invalid or unenforceable under applicable law, it won't invalidate the remainder of the Lease or change the intent of the parties. Neither an invalid clause nor the omission of initials on any page invalidates this Lease.

**34. Payments.** Payment of each sum due is an independent covenant. When we receive money, other than sale proceeds under Par. 14 or water payments subject to government regulation, we may apply it at our option and without notice first to any of your unpaid obligations, then to current rent. We may do so regardless of notations on checks or money orders and regardless of when the obligations arose. All sums other than rent and late fees are due upon our demand. After the due date, we do not have to accept any payments.

**35. TAA Membership.** We represent that, at the time of signing this Lease, we, the management company representing us, or any locator service that procured you is a member in good standing of both the Texas Apartment Association and the affiliated local apartment association for the area where the apartment is located. The member is either an owner/management-company member or an associate member doing business as a locator service (whose name and address must be disclosed on page 8). If not, the following applies: (A) this Lease is voidable at your option and is unenforceable by us (except for property damages); and (B) we may not recover past or future rent or other charges. The above remedies also apply if both of the following occur: (1) the Lease is automatically renewed on a month-to-month basis more than six months after membership in TAA and the local association has lapsed; and (2) neither the owner nor the management company is a member of TAA and the local association during the third automatic renewal. A signed affidavit from the affiliated local apartment association attesting to nonmembership when the Lease or renewal was signed will be conclusive evidence of nonmembership. Governmental entities may use TAA forms if TAA agrees in writing.

## When Moving Out

**36. Move-Out Notice.**

**36.1 Requirements and Compliance.** Your move-out notice doesn't release you from liability for the full term of the Lease or renewal term. You'll still be liable for the entire Lease term if you move out early except under Par. 9, 17, 22, 23, or 31. *Your move-out notice must comply with each of the following:*
(a) We must receive advance written notice of your move-out date. You must give notice in advance by at least the number of days required in Par. 3 or in special provisions—even if the Lease has become a month-to-month lease. Unless we require more than 30 days' notice, if you give notice on the first day of the month you intend to move out, it will suffice for move-out on the last day of that month, as long as all other requirements below are met.
(b) Your move-out notice must be in writing. An oral move-out notice will not be accepted and will not terminate your Lease.
(c) Your move-out notice must not terminate the Lease sooner than the end of the Lease term or renewal period.
(d) If we require you to give us more than 30 days' written notice to move out before the end of the Lease term, we will give you 1 written reminder not less than 5 days nor more than 90 days before your deadline for giving us your written move-out notice. If we fail to give a reminder notice, 30 days' written notice to move-out is required.

**36.2 Unacceptable Notice.** *Your notice is not acceptable if it doesn't comply with all of the above.* We recommend that you use our written move-out form to ensure that you provide all the information needed. You must get from us

**37. Move-Out Procedures.** The move-out date can't be changed unless we and you both agree in writing. You won't move out before the Lease term or renewal period ends unless all rent for the entire Lease term or renewal period is paid in full. Early move-out may result in reletting charges and acceleration of future rent under Par. 10 and 32. You're prohibited by law from applying any security deposit to rent. You can't stay beyond the date you're supposed to move out. All residents, guests, and occupants must surrender or abandon the apartment before the 30-day period for deposit refund begins. You must give us and the U.S. Postal Service, in writing, each resident's forwarding address.

**38. Cleaning.** You must thoroughly clean the apartment, including doors, windows, furniture, bathrooms, kitchen appliances, patios, balconies, garages, carports, and storage rooms. You must follow move-out cleaning instructions if they have been provided. If you don't clean adequately, you'll be liable for reasonable cleaning charges—including charges for cleaning carpets, draperies, furniture, walls, etc. that are soiled beyond normal wear (that is, wear or soiling that occurs without negligence, carelessness, accident, or abuse).

**39. Move-Out Inspection.** You should meet with our representative for a move-out inspection. Our representative has no authority to bind or limit us regarding deductions for repairs, damages, or charges. Any statements or estimates by us or our representative are subject to our correction, modification, or disapproval before final accounting or refunding.

**40. Security Deposit Deductions and Other Charges.** You'll be liable for the following charges, if applicable: unpaid rent; unpaid utilities; unreimbursed service charges; repairs or damages caused by negligence, carelessness, accident, or abuse, including stickers, scratches, tears, burns, stains, or unapproved holes; replacement cost of our property that was in or attached to the apartment and is missing; replacing dead or missing alarm or detection-device batteries at any time; utilities for repairs or cleaning; trips to let in company representatives to remove your telephone, Internet, television services, or rental items (if you so request or have moved out); trips to open the apartment when you or any guest or occupant is missing a key; unreturned keys; missing or burned-out light bulbs; removing or relaying unauthorized security devices or alarm systems; agreed reletting charges; packing, removing, or storing property removed or stored under Par. 14; removing illegally parked vehicles; special trips for trash removal caused by parked vehicles blocking dumpsters; false security-alarm charges unless due to our negligence; animal-related charges under Par. 6 and 27; government fees or fines against us for violation (by you, your occupants, or your guests) of local ordinances relating to alarms and detection devices, false alarms, recycling, or other matters; late-payment and returned-check charges; and other sums due under this Lease. You'll be liable to us for: (A) charges for replacing any keys and access devices referenced in Par. 5 if you don't return them all on or before your actual move-out date; (B) accelerated rent if you've violated Par. 32; and (C) a reletting fee if you've violated Par. 10. *We may also deduct from your security deposit our reasonable costs incurred in rekeying security devices required by law if you vacate the apartment in breach of this Lease.*

**41. Deposit Return, Surrender, and Abandonment.**

**41.1 Your Deposit.** We'll mail you your security-deposit refund (less lawful deductions) and an itemized accounting of any deductions, no later than 30 days after surrender or abandonment, unless laws provide otherwise.

**41.2 Surrender.** You have *surrendered* the apartment when: (A) the move-out date has passed and no one is living in the apartment in our reasonable judgment; *or* (B) apartment keys and access devices listed in Par. 5 have been turned in to us—whichever happens first.

**41.3 Abandonment.** You have *abandoned* the apartment when all of the following have occurred: (A) everyone appears to have moved out in our reasonable judgment; (B) clothes, furniture, and personal belongings have been substantially removed in our reasonable judgment; (C) you've been in default for nonpayment of rent for 5 consecutive days, or water, gas, or electric service for the apartment not connected in our name has been terminated or transferred; *and* (D) you've not responded for 2 days to our notice left on the inside of the main entry door stating that we consider the apartment abandoned. An apartment is also considered abandoned 10 days after the death of a sole resident.

**41.4 The Ending of Your Rights.** Surrender, abandonment, or judicial eviction ends your right of possession for all purposes and gives us the immediate right to clean up, make repairs in, and relet the apartment; determine any security-deposit deductions; and remove property left in the apartment. Surrender, abandonment, and judicial eviction affect your rights to property left in the apartment (Par. 14), but don't affect our mitigation obligations (Par. 32).

**The Lease will control if there's a conflict with this summary.**

- Address: __14000 Noel Road #1025__    Unit # __1025__
- Beginning date of Lease (Par. 3) __04/01/2021__    ☐ Ending date of Lease (Par. 3) __10/31/2021__
- Number of days notice for termination (Par. 3) __60__    ☐ Consent for guests staying more than __3__ days (Par. 2)
- Total security deposit (Par. 4) $ __200.00__    ☐ Animal deposit (if any) $ _____
- Security deposit (Par. 4) ☐ does OR ☒ does not include an animal deposit.
- Security deposit refund check will be by (Par. 4) (check one) ☒ one check jointly payable to all residents (default), OR ☐ one check payable to and mailed to _____
- # of keys/access devices (Par. 5) for ___ unit, ___ mailbox, ___ other
- Your move-out notice will terminate Lease on (Par. 5): (check one) ☐ last day of month OR ☒ exact day designated in notice
- Check here ☐ if the dwelling is to be furnished (Par. 5)    ☐ Check here ☐ if there is a concession addendum
- Rent to be paid (Par. 6): (check all that apply) ☒ at the onsite manager's office, ☒ through our online payment site, OR ☐ at _____
- Check here if included in monthly rent: ☐ garage, ☐ storage, ☐ carport, ☐ washer/dryer, or ☐ other _____
- Total monthly rent (Par. 6) $ __1190.00__    ☐ Prorated rent (Par. 6) for (check one) _____
- Late fees if rent is not paid on or before (Par. 6) __3rd__    ☐ first month OR ☐ second month $ _____
- Initial late fee (Par. 6) $ __0.00__ or __10__%    ☐ Daily late fee (Par. 6) $ __0.00__ or __0__%
- Returned-check charge (Par. 6) $ __30.00__    ☐ Animal violation charges (Par. 27)
- Monthly animal rent (if any) $ _____    Initial $ __100.00__ Daily $ __10.00__
- Monthly pest control (if any) $ _____    ☐ Monthly trash / waste (if any) $ __3.50__
- Utilities paid by owner (Par. 7): (check all that apply) ☐ electricity, ☐ gas, ☐ water, ☐ wastewater, ☐ trash/recycling, ☐ cable/satellite, ☐ master antenna, ☐ Internet, ☐ stormwater/drainage, ☐ other _____
- Utility connection charge (Par. 12) $ __50.00__    ☐ You are: (check one) ☒ required to buy insurance OR
- Agreed reletting charge (Par. 10) $ __1011.50__    ☐ not required to buy insurance (Par. 8)
- Special provisions (Par. 9): __$200 non refundable administrative fee.__

## Signatures and Attachments

**42. Attachments.** We will provide you with a copy of the Lease as required by statute. This may be in paper format, in an electronic format if you request it, or by e-mail if we have communicated by e-mail about this Lease. Our rules and community policies, if any, will be attached to the Lease and given to you at signing. When an Inventory and Condition form is completed, both you and we should retain a copy. The items checked below are attached to and become a part of this Lease and are binding even if not initialed or signed.

- ☐ Access Gate Addendum
- ☒ Additional Special Provisions
- ☒ Allocation Addendum for: ☐ electricity ☒ water ☐ gas ☐ central system costs ☒ trash/recycling ☐ cable/satellite ☒ stormwater/drainage ☐ services/government fees
- ☐ Animal Addendum
- ☒ Apartment Rules or Community Policies
- ☐ Asbestos Addendum (if asbestos is present)
- ☒ Bed Bug Addendum
- ☐ Early Termination Addendum
- ☐ Enclosed Garage, Carport, or Storage Unit Addendum
- ☐ Intrusion Alarm Addendum
- ☒ Inventory & Condition Form
- ☐ Lead Hazard Information and Disclosure Addendum
- ☐ Lease Contract Addendum for Units Participating in Government Regulated Affordable Housing Programs
- ☐ Lease Contract Guaranty (guaranties, if more than one)
- ☐ Legal Description of Apartment (optional, if rental term longer than one year)
- ☐ Military SCRA Addendum
- ☒ Mold Information and Prevention Addendum
- ☒ Move-Out Cleaning Instructions
- ☐ Notice of Intent to Move Out Form
- ☐ Parking Permit or Sticker (quantity:____)
- ☐ Rent Concession Addendum
- ☒ Renter's or Liability Insurance Addendum
- ☐ Repair or Service Request Form
- ☒ Satellite Dish or Antenna Addendum
- ☒ Security Guidelines Addendum
- ☒ PUC Tenant Guide to Water Allocation
- ☐ Utility Submetering Addendum: ☐ electricity ☐ water ☐ gas
- ☒ Other __Smoke Alarm Addendum__
- ☒ Other __Move Out Notice Addendum__
- ☒ Other __Handgun Addendum__
- ☐ Other _____

*Name, address and telephone number of locator service (if applicable —must be completed to verify TAA membership under Par. 35):*

_____
_____
_____

*After-hours phone number* _____
(Always call 911 for police, fire, or medical emergencies.)

Date form is executed _____

**43. Class Action Waiver.** You agree that you will not participate in any class action claims against us or our representatives. You must file any claim against us individually, and *you expressly waive your ability to bring, represent, join or otherwise maintain a class action, collective action or similar proceeding against us in any forum.*

YOU UNDERSTAND THAT, WITHOUT THIS WAIVER, YOU COULD BE A PARTY IN A CLASS ACTION LAWSUIT. *BY SIGNING THIS LEASE, YOU ACCEPT THIS WAIVER AND CHOOSE TO HAVE ANY CLAIMS DECIDED INDIVIDUALLY.* THE PROVISIONS OF THIS PAR. 43 SHALL SURVIVE THE TERMINATION OR EXPIRATION OF THIS LEASE.

Resident initials: _____

**You are legally bound by this document. Please read it carefully.** A facsimile or electronic signature on this Lease is as binding as an original signature.

**Before submitting a rental application or signing a Lease, you may take a copy of these documents to review and/or consult an attorney. Additional provisions or changes may be made in the Lease if agreed to in writing by all parties.**

**You are entitled to receive a copy of this Lease after it is fully signed. Keep it in a safe place. This lease is the entire agreement between you and us. You are NOT relying on any oral representations.**

*Resident or Residents (all sign below)*

| (Name of Resident) | Date signed |
| --- | --- |
| (Name of Resident) | Date signed |
| (Name of Resident) | Date signed |
| (Name of Resident) | Date signed |
| (Name of Resident) | Date signed |
| (Name of Resident) | Date signed |

*Owner or Owner's Representative (signing on behalf of owner)*

_____

*Address and phone number of owner's representative for notice purposes*

__5300 Spring Valley Road__
__Dallas, TX 75254__
__(972)233-3434__

FILE COPY

FILED
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY, TEXAS

2021 SEP 15 PM 2: 48



**Fifth Court of Appeals**
600 Commerce Street, Suite 200
Dallas, Texas 75202

June 14, 2021

RE:   Case No. 05-21-00396-CV

Style: Qualon Douglas
   v.   Farmers Insurance Federal Credit Union

Today appellant's $205.00 FILING fee has been paid.

Trial Court Case No. 007-01704-2020                                    Lisa Matz, Clerk

KATHERINE  KASSABIAN REID
MCDONALD SANDERS, PC
777 MAIN STREET
STE. 2700
FORT WORTH, TX  76102
* DELIVERED VIA E-MAIL *



**Fifth Court of Appeals**
600 Commerce Street, Suite 200
Dallas, Texas 75202

June 14, 2021

RE:   Case No. 05-21-00396-CV

Style: Qualon Douglas
   v.   Farmers Insurance Federal Credit Union

Today appellant's $205.00 FILING fee has been paid.

Trial Court Case No. 007-01704-2020                                    Lisa Matz, Clerk

KATHERINE  KASSABIAN REID
MCDONALD SANDERS, PC
777 MAIN STREET
STE. 2700
FORT WORTH, TX  76102
* DELIVERED VIA E-MAIL *

**EXHIBIT B**

FILE COPY

JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY, TEXAS

## 2021 SEP 15  PM 2:48

 **Fifth Court of Appeals**
600 Commerce Street, Suite 200
Dallas, Texas 75202

June 14, 2021

RE:   Case No. 05-21-00396-CV

Style: Qualon Douglas
   v.   Farmers Insurance Federal Credit Union

Today appellant's $205.00 FILING fee has been paid.

Trial Court Case No. 007-01704-2020                                      Lisa Matz, Clerk

QUALON  DOUGLAS
13601 PRESTON ROAD
STE. W170
DALLAS, TX  75240
* DELIVERED VIA E-MAIL *

 **Fifth Court of Appeals**
600 Commerce Street, Suite 200
Dallas, Texas 75202

June 14, 2021

RE:   Case No. 05-21-00396-CV

Style: Qualon Douglas
   v.   Farmers Insurance Federal Credit Union

Today appellant's $205.00 FILING fee has been paid.

Trial Court Case No. 007-01704-2020                                      Lisa Matz, Clerk

RANDYL  S. MEIGS
MCDONALD SANDERS, P.C.
777 MAIN STREET
STE. 2700
FORT WORTH, TX  76102-5366
* DELIVERED VIA E-MAIL *

**London Gassett**

| | |
|---|---|
| **From:** | Stacy Bruce <sbruce@cobbmartinez.com> |
| **Sent:** | Thursday, August 26, 2021 2:31 PM |
| **To:** | JP31Civil |
| **Subject:** | [External Sender]JS21-00184A-Douglas v. Dorchester [IWOV-COBB.FID238769] |
| **Attachments:** | Douglas-D's Contest and Objs to P's Statement of Inability to Afford Payment of an Appeal Bond.pdf |

Attached please find Defendant's Contest and Objections to Plaintiff's Statement of Inability to Afford Payment of an Appeal Bond for filing in the above-referenced matter.

Thank you for your assistance.



**Stacy Hoffman Bruce**
Cobb Martinez Woodward PLLC
1700 Pacific Avenue, Suite 3100
Dallas, Texas 75201
(214) 417-4645  cell
(214) 220-5210  direct
(214) 220-5260  fax
sbruce@cobbmartinez.com
www.cobbmartinez.com

CONFIDENTIALITY NOTICE: This communication, including any attachments, may contain confidential and/or privileged information. It is not intended for transmission to, or receipt by, any unauthorized person. If you received this message in error, please do not read it. Please reply to the sender that you received the message in error and delete the message and any attachments or copies. The unauthorized use, disclosure, copying, or dissemination of the contents of this message or its attachments is strictly prohibited and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege.

This message came from outside of Dallas County Government. Please be thoughtful before you click a link or provide your login information!

1

## London Gassett

| | |
|---|---|
| **From:** | London Gassett |
| **Sent:** | Thursday, August 19, 2021 10:52 AM |
| **To:** | 'Stacy Bruce' |
| **Subject:** | JS21-00184A NOTICE OF STATEMENT OF INABILITY ON APPEAL |
| **Attachments:** | JS21-00184A INABILITY APPEAL.pdf |

Ms. Bruce,

The plaintiff in the above numbered case has filed a statement of inability to afford payment of an appeal bond. See attached letter.

Thanks,

*London Gassett, Clerk*
**Judge Al Cercone | Justice of the Peace, 3-1**
6820 Lyndon B. Johnson Frwy. | Suite 3100 | Dallas, TX 75240-6511
Tel 214-321-4106 | **Fax** 214-321-4912 | JP31CIVIL@dallascounty.org

2021 SEP 15  PM 2: 48
FILED
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY, TEXAS

1



**JUDGE AL CERCONE**
Justice of the Peace
Precinct 3, Place 1
Dallas County



August 19, 2021

STACY HOFFMAN BRUCE

SBRUCE@COBBMARTINEZ.COM

---

*RE:*   *Cause No.* JS   21   00184   A

QUALON DOUGLAS

*vs.*

THE DORCHESTER and RICHDALE APARTMENTS

Please be advised that the Plaintiff        in the above styled and numbered cause has filed a <u>Statement of Inability to Afford Payment of an Appeal Bond</u> with this Court. The Statement of Inability was filed with the Court on **August 19, 2021**        .

If you wish to contest the Statement of Inability to Afford Payment of an Appeal Bond, you must file your contest in writing with this Court within seven (7) days from the date of this letter.

Respectfully,

*L. Gassett*

*Clerk of the Court*
Judge Al Cercone
Justice of the Peace, 3-1

---

North Dallas Government Center                                    Main Phone Number: (214) 321-4106
6820 Lyndon B. Johnson Frwy., Suite 3100                         Court Fax Number: (214) 321-4912
Dallas, Texas 75240-6511                                         Email: JP31Court@dallascounty.org

**Judge Sally Montgomery**
**County Court at Law 3**
**600 Commerce, 5th Floor**
**Dallas, Texas 75202**
**(214) 653-6394**

September 27, 2021

File Copy

Cause No. CC-21-03933-C Style:      QUALON DOUGLAS
vs.
DORCHESTER APARTMENTS AND RICHDALE APARTMENTS

<div style="border:1px solid">

**THE PARTIES ARE INSTRUCTED TO CROSS-SERVE THIS NOTICE UPON ALL ADVERSE
PARTIES IN COMPLIANCE WITH *TEXAS RULES OF CIVIL PROCEDURE 21A.***

</div>

**COUNSEL OF RECORD**:

Please take note of the following setting:

**Non-Jury Trial**:   **October 22, 2021 @ 11:20 a.m.** (For jury trials, clients not participating in *voir dire* need not appear before 10:00 a.m.)

Trial announcements must be made in accordance with the Rule 3.02 of the DALLAS CIVIL COURT RULES.  When no announcement is made for **Plaintiff**, the case will be dismissed for want of prosecution.

*All cases are called for trial unless otherwise notified in writing by the Court.*

Failure to appear for trial may result in case dismissal or default judgment, and even an agreed or unopposed motion to reinstate will not automatically be granted.

Completion of discovery, presentation of pretrial motions and other matters relating to preparation for trial are governed by the Local Rules of the Civil Courts of Dallas County available from the County Clerk's office.

Trial announcements must be made in accordance with the Rule 3.02 of the DALLAS CIVIL COURT RULES.  When no announcement is made for **Plaintiff**, the case will be dismissed for want of prosecution.

*All cases are called for trial unless otherwise notified in writing by the Court.*

Failure to appear for trial may result in case dismissal or default judgment, and even an agreed or unopposed motion to reinstate will not automatically be granted.

Completion of discovery, presentation of pretrial motions and other matters relating to preparation for trial are governed by the Local Rules of the Civil Courts of Dallas County available from the County Clerk's office.

_____
Sally Montgomery
Presiding Judge

*IF A *JURY DEMAND* IS REQUESTED, IT MUST BE MADE IN WRITING AND SUBMITED WITH **$40.00** FOR THE JURY AND BAILIFF FEES TO: MR. JOHN WARREN, DALLAS COUNTY CLERK, 600 COMMERCE, #101, DALLAS, TEXAS 75202*
**Because we no longer maintain paper files, if you file a pleading within 24 hours of a trial or hearing please provide a courtesy copy to the court at the trial/hearing.  Thank you**

**Judge Sally Montgomery**
**County Court at Law 3**
**600 Commerce, 5th Floor**
**Dallas, Texas 75202**
**(214) 653-6394**

September 27, 2021

QUALON DOUGLAS
13601 PRESTON RD STE W710
DALLAS TX  75240

Cause No. CC-21-03933-C Style:        QUALON DOUGLAS
vs.
DORCHESTER APARTMENTS AND RICHDALE APARTMENTS

---

**THE PARTIES ARE INSTRUCTED TO CROSS-SERVE THIS NOTICE UPON ALL ADVERSE PARTIES IN COMPLIANCE WITH *TEXAS RULES OF CIVIL PROCEDURE 21A*.**

---

**COUNSEL OF RECORD**:

Please take note of the following setting:

**Non-Jury Trial**:  **October 22, 2021 @ 11:20 a.m.** (For jury trials, clients not participating in *voir dire* need not appear before 10:00 a.m.)

Trial announcements must be made in accordance with the Rule 3.02 of the DALLAS CIVIL COURT RULES.  When no announcement is made for **Plaintiff**, the case will be dismissed for want of prosecution.

*All cases are called for trial unless otherwise notified in writing by the Court.*

Failure to appear for trial may result in case dismissal or default judgment, and even an agreed or unopposed motion to reinstate will not automatically be granted.

Completion of discovery, presentation of pretrial motions and other matters relating to preparation for trial are governed by the Local Rules of the Civil Courts of Dallas County available from the County Clerk's office.

Trial announcements must be made in accordance with the Rule 3.02 of the DALLAS CIVIL COURT RULES.  When no announcement is made for **Plaintiff**, the case will be dismissed for want of prosecution.

*All cases are called for trial unless otherwise notified in writing by the Court.*

Failure to appear for trial may result in case dismissal or default judgment, and even an agreed or unopposed motion to reinstate will not automatically be granted.

Completion of discovery, presentation of pretrial motions and other matters relating to preparation for trial are governed by the Local Rules of the Civil Courts of Dallas County available from the County Clerk's office.

_____
Sally Montgomery
Presiding Judge

*IF A *JURY DEMAND* IS REQUESTED, IT MUST BE MADE IN WRITING AND SUBMITED WITH $**40.00** FOR THE JURY AND BAILIFF FEES TO: MR. JOHN WARREN, DALLAS COUNTY CLERK, 600 COMMERCE, #101, DALLAS, TEXAS 75202*
**Because we no longer maintain paper files, if you file a pleading within 24 hours of a trial or hearing please provide a courtesy copy to the court at the trial/hearing.  Thank you**

**Judge Sally Montgomery**
**County Court at Law 3**
**600 Commerce, 5th Floor**
**Dallas, Texas 75202**
**(214) 653-6394**

September 27, 2021

STACY H BRUCE
COBB MARTINEZ WOODWARD PLLC
1700 PACIFIC AVENUE
SUITE 3100
DALLAS TX  75201

Cause No. CC-21-03933-C Style:      QUALON DOUGLAS
vs.
DORCHESTER APARTMENTS AND RICHDALE APARTMENTS

---

**THE PARTIES ARE INSTRUCTED TO CROSS-SERVE THIS NOTICE UPON ALL ADVERSE**
**PARTIES IN COMPLIANCE WITH *TEXAS RULES OF CIVIL PROCEDURE 21A*.**

---

**COUNSEL OF RECORD**:

Please take note of the following setting:

**Non-Jury Trial**:  **October 22, 2021 @ 11:20 a.m** (For jury trials, clients not participating in *voir dire* need not appear before 10:00 a.m.)

Trial announcements must be made in accordance with the Rule 3.02 of the DALLAS CIVIL COURT RULES.  When no announcement is made for **Plaintiff**, the case will be dismissed for want of prosecution.

*All cases are called for trial unless otherwise notified in writing by the Court.*

Failure to appear for trial may result in case dismissal or default judgment, and even an agreed or unopposed motion to reinstate will not automatically be granted.

Completion of discovery, presentation of pretrial motions and other matters relating to preparation for trial are governed by the Local Rules of the Civil Courts of Dallas County available from the County Clerk's office.

Trial announcements must be made in accordance with the Rule 3.02 of the DALLAS CIVIL COURT RULES.  When no announcement is made for **Plaintiff**, the case will be dismissed for want of prosecution.

*All cases are called for trial unless otherwise notified in writing by the Court.*

Failure to appear for trial may result in case dismissal or default judgment, and even an agreed or unopposed motion to reinstate will not automatically be granted.

Completion of discovery, presentation of pretrial motions and other matters relating to preparation for trial are governed by the Local Rules of the Civil Courts of Dallas County available from the County Clerk's office.

Sally Montgomery
Presiding Judge

\*IF A *JURY DEMAND* IS REQUESTED, IT MUST BE MADE IN WRITING AND SUBMITED WITH $**40.00** FOR THE JURY
AND BAILIFF FEES TO: MR. JOHN WARREN, DALLAS COUNTY CLERK, 600 COMMERCE, #101, DALLAS, TEXAS 75202\*
Because we no longer maintain paper files, if you file a pleading within 24 hours of a trial or hearing please provide a courtesy copy to the court at the trial/hearing.  Thank you

FILED
9/30/2021 3:01 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

<div align="center">

CAUSE NO. CC-21-03933-C

</div>

| | | |
|---|---|---|
| QUALON DOUGLAS | § | IN THE COUNTY COURT |
| | § | |
| V. | § | AT LAW NO. 3 |
| | § | |
| DORCHESTER APARTMENTS and | § | |
| RICHDALE APARTMENTS | § | DALLAS COUNTY, TEXAS |

<div align="center">

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PERFECT APPEAL, OR ALTERNATIVELY, OBJECTIONS TO PLAINTIFF'S STATEMENT OF INABILITY TO PAY APPEAL BOND**

</div>

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant Dorchester Properties, Ltd (improperly sued as Dorchester Apartments and Richdale Apartments[1]) in the above-referenced cause, files this Motion to Dismiss for Failure to Perfect Appeal, or Alternatively, Contest and Objections to Plaintiff's Statement of Inability to Afford Payment of an Appeal Bond ("Plaintiff's Statement") and respectfully shows the Court the following:

<div align="center">

**I.**
**MOTION TO DISMISS FOR FAILURE TO PERFECT APPEAL**

</div>

The only issue before the Court is whether Plaintiff **can** move forward with his appeal of the Order granting Defendant's Amended Motion for Summary Disposition – **not** the merits of Plaintiff's appeal and/or Plaintiff's underlying lawsuit.[2]  Because Plaintiff failed to comply with the requirements of Rule 506 of the Texas Rules of Civil Procedure, this Court should dismiss Plaintiff's appeal and this pending lawsuit due to Plaintiff's failure to perfect his appeal.

---

[1] Since there is only one true party, we refer to Defendant in the singular.  But, Defendant is seeking dismissal of all of Plaintiff's claims against all improperly named parties in this lawsuit.

[2] The limited focus of this appeal is further evident by the docket provided by the Justice of the Peace Court.  *See* Exhibit A.  The Justice of the Peace Court only provided this Court with the documents related to Plaintiff's Statement, and not Plaintiff's underlying lawsuit or Defendant's Amended Motion for Summary Disposition.

After the Justice of the Peace Court granted Defendant's Amended Motion for Summary Disposition, Plaintiff filed a Notice of Appeal and Plaintiff's Statement.  In order to perfect his appeal, Rule 506 of the Texas Rules of Civil Procedure provides:

> **(a)** How Taken; Time. A party may appeal a judgment by filing a bond, making a cash deposit, or filing a Statement of Inability to Afford Payment of Court Costs with the justice court within 21 days after the judgment is signed or the motion to reinstate, motion to set aside, or motion for new trial, if any, is denied.
>
> . . .
>
> **(d)** Statement of Inability to Afford Payment of Court Costs.
>
> **(1)** Filing. An appellant who cannot furnish a bond or pay a cash deposit in the amount required may instead file a Statement of Inability to Afford Payment of Court Costs. The Statement must be on the form approved by the Supreme Court or include the information required by the Court-approved form and may be the same one that was filed with the petition.
>
> **(2)** Contest. The Statement may be contested as provided in Rule 502.3(d) within 7 days after the opposing party receives notice that the Statement was filed.
>
> **(3)** Appeal If Contest Sustained. If the contest is sustained, the appellant may appeal that decision by filing notice with the justice court within 7 days of that court's written order. The justice court must then forward all related documents to the county court for resolution. The county court must set the matter for hearing within 14 days and hear the contest de novo, as if there had been no previous hearing, and if the appeal is granted, must direct the justice court to transmit to the clerk of the county court the transcript, records, and papers of the case, as provided in these rules.

Tex. R. Civ. P. 506(a), (d).

Because Plaintiff failed to comply with Rule 506's requirements, dismissal is appropriate. Plaintiff has **<u>not</u>** filed an appeal bond or made a cash deposit.  Instead, he filed a Statement of Inability to Afford Payment of Court Costs.  On September 3, 2021, the Justice of the Peace Court sustained Defendant's objections to Plaintiff's Statement.  *See* Exhibit B.  Plaintiff subsequently filed a Notice of Appeal of the decision on Plaintiff's Statement, prompting the Justice of the Peace clerk to transfer the pleadings on Plaintiff's Statement to this Court.  Plaintiff has failed to perfect

his appeal because he never requested a hearing on Plaintiff's Statement. Plaintiff is beyond the 14 day requirement. Therefore, dismissal is appropriate.

**II.**
**ALTERNATIVELY, CONTEST AND OBJECTIONS TO PLAINTIFF'S STATEMENT**

**A.   Procedural Posture**

Plaintiff's baseless lawsuit originally filed in the Justice of the Peace court stems from the unprecedented winter weather event in February of this year. Plaintiff, along with more than 12 million fellow Texans, experienced a disruption in his water. Plaintiff, however, was only without water for a mere four days unlike many other Texans. Plaintiff subsequently filed a lawsuit against Defendant. Plaintiff's live claims prior to the Court's granting Defendant's Amended Motion for Summary Disposition were (1) breach of contract; (2) negligent undertaking; and (3) negligence per se. On July 29, 2021, the Justice of the Peace Court granted Defendant's Amended Motion for Summary Disposition and awarded Defendant $12,005 in attorneys fees. Plaintiff subsequently filed an appeal and Plaintiff's Statement. The Justice of the Peace Court sustained Defendant's Objections to Plaintiff's Statement to which Plaintiff appealed. The Justice of the Peace Court submitted the isolated issue of Plaintiff's inability to pay the appeal bond for appeal to this Court on September 9, 2021. *See* Exhibit A.

**B.    Objections to Plaintiff's Statement**

1.     Plaintiff chose to file his frivolous lawsuit against the Defendant in the Justice of the Peace court. Plaintiff paid the $60 requisite filing fee, and $160 to serve both entities for Defendant.

2.     Defendant will be prejudiced if Plaintiff is not required to pay the appeal bond because of an alleged inability to pay the bond. The Apartment Lease Contract clearly allows the prevailing party to recover attorneys' fees. Given Plaintiff's requested appeal, Defendant's

attorneys' fees will only increase. If Plaintiff cannot afford the cost of the appeal bond, then he also cannot pay the Judgment which the Justice of the Peace properly granted. He also would not be able to afford any future award of attorneys' fees if Defendant prevails on a summary judgment. As such, Plaintiff should be required to pay the minimum appeal bond given the amount of the Judgement and Defendant's anticipated future attorneys' fees.

3.      Plaintiff's lawsuit is not an eviction proceeding, nor has Defendant ever moved to evict Plaintiff. Nor, did Defendant has never raised any claims against Plaintiff. Defendant was awarded attorneys' fees based on the Apartment Lease Contract. Plaintiff could have dismissed his lawsuit at any time against Defendant after Defendant's pleadings indicated it would be seeking fees. Plaintiff chose not to continue his frivolous lawsuit.

4.      Plaintiff's required bond is $500, which is less than half the amount of the Judgment.

5.      Plaintiff's claim that he cannot pay the appeal bond is further unsupported because Plaintiff is not a recipient of public benefits.

6.      Plaintiff's alleged sources of income and expenses lack sufficient explanation. Plaintiff admitted during the hearing on the Motion for Summary Disposition that he is self-employed as an insurance agent. Plaintiff's Statement indicates he has $5,000 in business expenses without providing any specificity of these required expenses. Plaintiff further admitted on a recent call with Stacy Bruce (Defendant's counsel) that he moved his office to his apartment. Therefore, Plaintiff should have minimal business expenses, if any, and thereby refuting the alleged $5,000 in business expenses.

7.      Plaintiff's Statement indicates he has $5,000 in the bank, which is more than sufficient to pay the required bond.

DEFENDANT'S MOTION TO DISMISS, OR ALTERNATIVELY, OBJECTIONS TO
PLAINTIFF'S STATEMENT OF INABILITY TO PAY APPEAL BOND/Page 4
Doc. #496281

8.      Plaintiff's Statement indicates his monthly expense for transportation, auto repair and gas is $1,500 or $2,500 – which appears excessive.  When Plaintiff initially filed the lawsuit, he represented his office was close to his apartment.  Plaintiff has recently represented he moved his office into his apartment.  As such, Plaintiff should have minimal transportation, auto repair, and gas expenses.

9.      Defendant should be not prejudiced by Plaintiff's representation of increasing business costs affected by the pandemic.  Defendant is not responsible for the pandemic.  Nor, should Plaintiff's increasing business costs impact the Court's decision to evaluate Plaintiff's alleged inability to pay costs.  Plaintiff chose to be self-employed.  Furthermore, Plaintiff's representation of increasing business costs contradicts Plaintiff's representations to Ms. Bruce regarding working from his apartment.

10.     Plaintiff's excuse of "harm from this Lawsuit" to explain his financial situation is without merit.  Defendant's Amended Motion for Summary Disposition specifically focused on Plaintiff's lack of damages.  Plaintiff failed to produce any evidence of damages in response to the Amended Motion for Summary Disposition.  As such, this Court should not allow Plaintiff to avoid paying an appeal bond when Plaintiff has already failed to produce the requisite evidence to support his alleged injuries and damages.

11.     Plaintiff paid an appellate fee of $205.00 in June 2021 in a separate case in which he is appealing.  *See* Exhibit B, Communication from the Fifth Court of Appeals in Case No. 05-21-00396-CV, *Qualon Douglas v. Farmers Insurance Federal Credit Union.*  Notably, Plaintiff did not file a Statement of Inability to Afford Payment of an Appeal Bond in that appeal.

**WHEREFORE, PREMISES CONSIDERED,** Dorchester Properties, Ltd (improperly sued as Dorchester Apartments and Richdale Apartments) requests this Court dismiss Plaintiff's appeal due to the failure to perfect the appeal.  Alternatively, Defendant requests this Court sustain Defendant's Contest and Objections to Plaintiff's Statement of Inability to Afford Payment of an Appeal Bond and order Plaintiff to pay the required $500 appeal bond.  Defendant further prays for any and all other relief to which it is entitled.

<div align="center">

**Respectfully submitted,**

**COBB MARTINEZ WOODWARD PLLC**
1700 Pacific Avenue, Suite 3100
Dallas, Texas 75201
214.220.5210
214.220.5260 Fax

By:     */s/ Stacy Hoffman Bruce*
        **STACY HOFFMAN BRUCE**
        Texas Bar No. 24036793
        sbruce@cobbmartinez.com
        **HANNAH L. HANSEN**
        Texas Bar No. 24116483
        hhansen@cobbmartinez.com

**ATTORNEYS FOR DEFENDANT**

</div>

<u>**CERTIFICATE OF SERVICE**</u>

I certify a true and correct copy of this document has been forwarded to Plaintiff by email and regular U.S. mail on this 30th day of September, 2021:

Qualon Douglas
P.O. Box 260155
Plano, TX 75026
qualondouglas@gmail.com

*/s/ Stacy Hoffman Bruce*
**STACY HOFFMAN BRUCE**



**JUDGE AL CERCONE**
Justice of the Peace
Precinct 3, Place 1
Dallas County

## NOTICE OF APPEAL OF
## RULING ON "INABILITY TO AFFORD PAYMENT OF AN APPEAL BOND"
## RE-HEARING REQUIRED WITHIN 14 DAYS

September 9, 2021

Dallas County Clerk
Attn: JP Civil Appeal "Inability to Pay"
600 Commerce St #101
Dallas, TX 75202

RE:     JS21-00184A
        QUALON DOUGLAS vs. DORCHESTER APARTMENTS and RICHDALE APARTMENTS

Pursuant to Texas Rules of Civil Procedure, Rule 506.1(d)(3), enclosed are all documents related to Plaintiff's Inability to Afford Payment of an Appeal Bond for the above-styled and numbered cause. We await your directions pending the re-hearing on Plaintiff's the Inability to Afford Payment of an Appeal Bond.

Respectfully,

*L. Gassett*

L. Gassett, Clerk

Enclosures

Cc:     Court

        QUALON DOUGLAS
        13601 PRESTON RD STE W710
        DALLAS, TX 75240

        STACY HOFFMAN BRUCE
        1700 PACIFIC AVE STE 3100
        DALLAS, TX 75201

FILED
2021 SEP 15 PM 2:21
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY, TEXAS

North Dallas Government Center
6820 Lyndon B. Johnson Frwy., Suite 3100
Dallas, Texas 75240-6511

**EXHIBIT A**

Main Phone Number: (214) 321-4106
Court Fax Number: (214) 321-4912
Email: JP31Court@dallascounty.org

CASE NO. <u>JS21-00184A</u>

| | | |
|---|---|---|
| **QUALON DOUGLAS**<br>*Plaintiff* | §<br>§<br>§ | **IN THE JUSTICE COURT** |
| **vs.** | §<br>§<br>§ | **PRECINCT  3,  PLACE  1** |
| **DORCHESTER APARTMENTS and**<br>**RICHDALE APARTMENTS**<br>*Defendants* | §<br>§<br>§<br>§ | **DALLAS COUNTY**<br>CC-21-03933-C<br>**STATE OF TEXAS** |

## 𝔉𝔦𝔫𝔡𝔦𝔫𝔤𝔰 𝔬𝔣 𝔱𝔥𝔢 ℭ𝔬𝔲𝔯𝔱

**ON** September 3, 2021, a hearing was held by this Court to determine if Plaintiff can support the claimed Statement of Inability to Afford Payment of an Appeal Bond.  After careful consideration of the testimony as well as the evidence submitted on behalf of the Plaintiff, this court enters the following findings:

- Plaintiff failed to meet the burden to prove their inability to afford payment of an appeal bond.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** by this Court that the Statement of Inability to Afford Payment of an Appeal Bond is denied. All relief not expressly granted herein is denied.

**SIGNED** this September 3, 2021.

_____  HVL
**JUDGE PRESIDING**

FILED
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY, TEXAS
2021 SEP 15  PM 2: 34

EXHIBIT B

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Missy Ramirez on behalf of Stacy Bruce
Bar No. 24036793
mramirez@cobbmartinez.com
Envelope ID: 57761814
Status as of 9/30/2021 4:24 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Hannah L.Hansen | | hhansen@cobbmartinez.com | 9/30/2021 3:01:03 PM | SENT |
| Sandi Mallon | | smallon@cobbmartinez.com | 9/30/2021 3:01:03 PM | SENT |
| Missy Ramirez | | mramirez@cobbmartinez.com | 9/30/2021 3:01:03 PM | SENT |
| Stacy H.Bruce | | sbruce@cobbmartinez.com | 9/30/2021 3:01:03 PM | SENT |

FILED
10/1/2021 11:59 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY



COBB MARTINEZ WOODWARD

Stacy H. Bruce
214.220.5210

214.220.5260 | direct fax
sbruce@cobbmartinez.com

October 1, 2021

**VIA EMAIL**
Mr. Qualon Douglas
P.O. Box 260155
Plano, TX 75026

    Re: Cause No. CC-21-03933-C
      *Qualon Douglas v. Dorchester Apartments and Richdale Apartments*

Dear Mr. Douglas:

   This letter is to notify you the hearing on Defendant's Motion to Dismiss for Failure to Perfect Appeal, or Alternatively, Objections to Plaintiff's Statement of Inability to Pay Appeal Bond is scheduled for a court call on **October 18, 2021 at 2:45 p.m.**

   If you have any questions, please feel free to call me.

       Very truly yours,

       Stacy H. Bruce

SHB/mr/497781

cc: Brandon Pettigrew, Clerk – Via EFile

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Missy Ramirez on behalf of Stacy Bruce
Bar No. 24036793
mramirez@cobbmartinez.com
Envelope ID: 57793658
Status as of 10/1/2021 1:25 PM CST

Associated Case Party: DORCHESTER APARTMENTS AND RICHDALE APARTMENTS

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Missy Ramirez | | mramirez@cobbmartinez.com | 10/1/2021 11:59:43 AM | SENT |
| Stacy H.Bruce | | sbruce@cobbmartinez.com | 10/1/2021 11:59:43 AM | SENT |
| Sandi Mallon | | smallon@cobbmartinez.com | 10/1/2021 11:59:43 AM | SENT |
| Hannah L.Hansen | | hhansen@cobbmartinez.com | 10/1/2021 11:59:43 AM | SENT |

FILED
10/7/2021 3:21 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:22-cv-00100-K-BK   Document 1-3   Filed 01/14/22   Page 52 of 86   PageID 63

CAUSE NO. CC-21-03933-C

| | | |
|---|---|---|
| QUALON DOUGLAS | § | IN THE COUNTY |
| | § | |
| v. | § | AT LAW NO.3 |
| | § | |
| DORCHESTER APARTMENTS and | § | |
| RICHDALE  APARTMENTS | § | DALLAS COUNTY, TEXAS |

**PLAINTIFF'S  OBJECTION TO AND MOTION TO STRIKE DEFENDANT'S MOTION TO DIMISS FOR FAILURE TO PERFECT APPEAL, OR ALTERNATIVIELY, OBJECTIONS TO PLAINTIFF'S STATEMENT OF INABILITY TO PAY APPEAL BOND**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Qualon Douglas, an individual in the above-referenced cause, and files this Objection to and Motion to Strike Defendant's Motion to Dismiss For Failure To Perfect Appeal, or alternatively, objections to Plaintiff's  Statement of Inability to Pay Appeal Bond and would respectfully show the Court as follows:

**I.**

**INTRODUCTION AND BACKGROUND FACTS**

1.     Plaintiff filed an appeal seeking reversal of the ruling granted against him by the Justice of the Peace Court.  An overt Miscarriage of Justice. A ruling which unjustly enriches the Defendants, rewards dishonorable behavior such as that of Defendant's counsel, and denies justice to the Plaintiff.

PLAINTIFF'S OBJECTION TO AND MOTION TO STRIKE DEFENDANT'S MOTION TO DIMISS FOR FAILURE TO PERFECT APPEAL, OR ALTERNATIVIELY, OBJECTIONS TO PLAINTIFF'S STATEMENT OF INABILITY TO PAY APPEAL BOND

2.     Plaintiff filed this suit seeking recovery for breach of contract against Defendants, due to its failure to perform under the apartment lease agreement, negligence and the attestation of previous bad acts.

3.     On March 3, 2021, Plaintiff filed its Original Petition in this proceeding.

4.     On March 17, 2021, Plaintiff and Defendants amicably agreed to a settlement of $170.00, in its entirety to have the case dismissed. Both parties individually agreed to cut its losses, and to go their separate ways.

5.     On March 18, 2021, Plaintiff was notified by counselor Stacy Bruce of her firm's representation of the Defendants. Representation **provided by the Defendant's Insurance Company; under its insurance policy.**  Now, it was at that point, that the suit became less about resolving the issue, and more about conjuring up legal fees. Motive was created due to the blank check provided by the insurance company. Mr. Douglas offered in writing to settle the matter with Ms. Bruce, for the exact same $170 initially agreed to by her client.

6.     Mr. Douglas refused to sign a blank waiver as it related to all Plaintiff's prior bad acts, and reserved the right.  However, he clearly stated in writing that it was not his intent.  Furthermore, since he would be vacating the premises, the argument was moot.

PLAINTIFF'S OBJECTION TO AND MOTION TO STRIKE DEFENDANT'S MOTION TO DIMISS FOR FAILURE TO PERFECT APPEAL, OR ALTERNATIVIELY, OBJECTIONS TO PLAINTIFF'S STATEMENT OF INABILITY TO PAY APPEAL BOND

7.      None the less, Plaintiff was further harmed because he had to honor his part of the apartment lease agreement, or risk eviction.  He paid over $9,000 in rents to the Defendants, after it reneged on the settlement agreement.

8.      As for the Plaintiff, it was never about trying to recover monies from the Defendants; as his offers to settle clearly exemplify. He sustained damages well beyond the jurisdiction of the Justice Court.  Damages as a of result of civil conspiracy, and deceptive trade practices by the Defendants prior to any winter storm related event, amongst several other claims.

9.      Plaintiff made every attempt to settle with counsel per the original settlement agreement made with the Defendants themselves.  Additional motions were filed only after negotiations with counsel failed. Once it was clear that they had no intention of conducting themselves with integrity, or in good faith.

## II.

## OBJECTIONS AND MOTION TO STRIKE

10.     Plaintiff complied with the requirements of Rule 506.1 (3) of the Texas Rules of Civil Procedure, by filing notice with the justice court within 7 days of the court's written order. He then contacted that court, within 7 days, to get record of the new court in order to request hearing. He was told by the justice court that he would receive notification in the mail from the County Court,  and that no

further information could be provided. Additionally, both parties were notified by the county court coordinator , of an error made in the hearing schedule.  Therefore, Plaintiff objects, and moves to strike Defendant's Motion to Dismiss for Failure to Perfect Appeal, as it has no grounds.

## Rule 506.1 (3) Texas Rules of Civil Procedure

11.    *No Dismissal of Appeal Without Opportunity for Correction.*  An appeal must not be dismissed for defects or irregularities in procedure, either of form or substance, without allowing the appellant, after 7 days' notice from the court, the opportunity to correct such defect.

**RESPONSE TO ALTERNATIVE, CONTEST AND OBJECTS TO PLAINTFF'S STATEMENT**

The issue at hand is that of a pauper, and a 1-bedroom apartment.  Goliath, was aware of all the shortcomings and disadvantages beforehand. Plaintiffs financial statement was attested to, and is true and accurate. Bank statements and rent payments, directly contradict Defendants objections.  The objections are nothing more than conclusory or declaratory statements which have no evidentiary value. Similar, to statements presented in the lower court.

The Defendants were charmed by counsel into believing that this fight made sense.  Even after, Plaintiff pleaded for forgiveness, and they acknowledged that they did not have clean hands. There is no magical pot at the end of the rainbow. The Defendants have always been aware of the Plaintiff's financial deficiencies, They knew he operates a one person insurance agency. They even acknowledge, Plaintiff's other financial woes and lawsuit, which he is represented Pro se.

Needless to say, if he had more income, he would Not be foolish enough to represent himself. Yet, with vigor and tenacity they pounded merciless forward, chasing after the wind. Even after the Plaintiff, humbly sought peace and a sensible resolution.  Furthermore, this motion is nonsensical. Only resulting in legal fees that by definition, are not reasonable (including the Justice Court judgment); per the residential lease agreement.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Qualon Douglas respectfully requests that this Motion to Strike be granted and the Defendant's Motion to Dismiss for Failure to Perfect Appeal be stricken in its entirety. Plaintiff additionally prays for such other and further relief, both general and special, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

By: _____ /s/Qulon Douglas_____
Qualon Douglas
Pro Se
13601 Preston Rd Ste W710
Dallas, TX 75240
PH. (214)402-8611
QUALONDOUGLAS@GMAIL.COM

## CERTIFICATE OF SERVICE

This is to certify that on [7th] day of October 2021, a true and correct copy of the foregoing

Notice of Appeal was served on attorney for the Plaintiff, through its attorney Stacy Bruce by

email at: SBRUCE@COBBMARTINEZ.COM

/s/ Qualon Douglas ___
Qualon Douglas
Pro Se

PLAINTIFF'S OBJECTION TO AND MOTION TO STRIKE DEFENDANT'S MOTION TO DIMISS FOR FAILURE TO
PERFECT APPEAL, OR ALTERNATIVIELY, OBJECTIONS TO PLAINTIFF'S STATEMENT OF INABILITY TO PAY
APPEAL BOND

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 57987366
Status as of 10/7/2021 3:25 PM CST

Associated Case Party: DORCHESTER APARTMENTS AND RICHDALE
APARTMENTS

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Missy Ramirez | | mramirez@cobbmartinez.com | 10/7/2021 3:21:55 PM | SENT |
| Stacy H.Bruce | | sbruce@cobbmartinez.com | 10/7/2021 3:21:55 PM | SENT |
| Sandi Mallon | | smallon@cobbmartinez.com | 10/7/2021 3:21:55 PM | SENT |
| Hannah L.Hansen | | hhansen@cobbmartinez.com | 10/7/2021 3:21:55 PM | SENT |

**Judge Sally Montgomery**
**County Court at Law 3**
**600 Commerce, 5th Floor**
**Dallas, Texas 75202**
**(214) 653-6394**

October 17, 2021

File Copy

Cause No. CC-21-03933-C Style:       QUALON DOUGLAS
vs.
DORCHESTER APARTMENTS AND RICHDALE APARTMENTS

| THE PARTIES ARE INSTRUCTED TO CROSS-SERVE THIS NOTICE UPON ALL ADVERSE PARTIES IN COMPLIANCE WITH *TEXAS RULES OF CIVIL PROCEDURE 21A*. |
| --- |

**COUNSEL OF RECORD**:

Please take note of the following setting:

**Non-Jury Trial**:   **August 01, 2022 @ 10:00 a.m.** (For jury trials, clients not participating in *voir dire* need not appear before 10:00 a.m.)

Trial announcements must be made in accordance with the Rule 3.02 of the DALLAS CIVIL COURT RULES.  When no announcement is made for **Plaintiff**, the case will be dismissed for want of prosecution.

*All cases are called for trial unless otherwise notified in writing by the Court.*

Failure to appear for trial may result in case dismissal or default judgment, and even an agreed or unopposed motion to reinstate will not automatically be granted.

Completion of discovery, presentation of pretrial motions and other matters relating to preparation for trial are governed by the Local Rules of the Civil Courts of Dallas County available from the County Clerk's office.

Trial announcements must be made in accordance with the Rule 3.02 of the DALLAS CIVIL COURT RULES.  When no announcement is made for **Plaintiff**, the case will be dismissed for want of prosecution.

*All cases are called for trial unless otherwise notified in writing by the Court.*

Failure to appear for trial may result in case dismissal or default judgment, and even an agreed or unopposed motion to reinstate will not automatically be granted.

Completion of discovery, presentation of pretrial motions and other matters relating to preparation for trial are governed by the Local Rules of the Civil Courts of Dallas County available from the County Clerk's office.

_____
Sally Montgomery
Presiding Judge

*IF A *JURY DEMAND* IS REQUESTED, IT MUST BE MADE IN WRITING AND SUBMITED WITH $**40.00** FOR THE JURY AND BAILIFF FEES TO: MR. JOHN WARREN, DALLAS COUNTY CLERK, 600 COMMERCE, #101, DALLAS, TEXAS 75202*
**Because we no longer maintain paper files, if you file a pleading within 24 hours of a trial or hearing please provide a courtesy copy to the court at the trial/hearing.  Thank you**

George Allen Bldg.· 600 Commerce St · Suite 550 · Dallas · Texas · 75202 · (214) 653-6394

**Judge Sally Montgomery**
**County Court at Law 3**
**600 Commerce, 5th Floor**
**Dallas, Texas 75202**
**(214) 653-6394**

October 17, 2021

JENNIFER CALHOUN
10440 N CENTRAL EXPY STE 1040
DALLAS TX  75231-2259

Cause No. CC-21-03933-C Style:      QUALON DOUGLAS
vs.
DORCHESTER APARTMENTS AND RICHDALE APARTMENTS

┌─────────────────────────────────────────────────────────────────────────┐
│   THE PARTIES ARE INSTRUCTED TO CROSS-SERVE THIS NOTICE UPON ALL ADVERSE  │
│       PARTIES IN COMPLIANCE WITH *TEXAS RULES OF CIVIL PROCEDURE 21A*.     │
└─────────────────────────────────────────────────────────────────────────┘

**COUNSEL OF RECORD**:

Please take note of the following setting:

**Non-Jury Trial**:  **August 01, 2022 @ 10:00 a.m.** (For jury trials, clients not participating in *voir dire* need not appear before 10:00 a.m.)

Trial announcements must be made in accordance with the Rule 3.02 of the DALLAS CIVIL COURT RULES.  When no announcement is made for **Plaintiff**, the case will be dismissed for want of prosecution.

*All cases are called for trial unless otherwise notified in writing by the Court.*

Failure to appear for trial may result in case dismissal or default judgment, and even an agreed or unopposed motion to reinstate will not automatically be granted.

Completion of discovery, presentation of pretrial motions and other matters relating to preparation for trial are governed by the Local Rules of the Civil Courts of Dallas County available from the County Clerk's office.

Trial announcements must be made in accordance with the Rule 3.02 of the DALLAS CIVIL COURT RULES.  When no announcement is made for **Plaintiff**, the case will be dismissed for want of prosecution.

*All cases are called for trial unless otherwise notified in writing by the Court.*

Failure to appear for trial may result in case dismissal or default judgment, and even an agreed or unopposed motion to reinstate will not automatically be granted.

Completion of discovery, presentation of pretrial motions and other matters relating to preparation for trial are governed by the Local Rules of the Civil Courts of Dallas County available from the County Clerk's office.

_____
Sally Montgomery
Presiding Judge

*IF A *JURY DEMAND* IS REQUESTED, IT MUST BE MADE IN WRITING AND SUBMITED WITH $**40.00** FOR THE JURY AND BAILIFF FEES TO: MR. JOHN WARREN, DALLAS COUNTY CLERK, 600 COMMERCE, #101, DALLAS, TEXAS 75202*
Because we no longer maintain paper files, if you file a pleading within 24 hours of a trial or hearing please provide a courtesy copy to the court at the trial/hearing.  Thank you

**Judge Sally Montgomery**
**County Court at Law 3**
**600 Commerce, 5th Floor**
**Dallas, Texas 75202**
**(214) 653-6394**

October 17, 2021

QUALON DOUGLAS
13601 PRESTON RD STE W710
DALLAS TX  75240

Cause No. CC-21-03933-C Style:      QUALON DOUGLAS
vs.
DORCHESTER APARTMENTS AND RICHDALE APARTMENTS

<div style="border:1px solid black; text-align:center">

**THE PARTIES ARE INSTRUCTED TO CROSS-SERVE THIS NOTICE UPON ALL ADVERSE
PARTIES IN COMPLIANCE WITH *TEXAS RULES OF CIVIL PROCEDURE 21A*.**

</div>

**COUNSEL OF RECORD**:

Please take note of the following setting:

**Non-Jury Trial**:  **August 01, 2022 @ 10:00 a.m.** (For jury trials, clients not participating in *voir dire* need not appear before 10:00 a.m.)

Trial announcements must be made in accordance with the Rule 3.02 of the DALLAS CIVIL COURT RULES.  When no announcement is made for **Plaintiff**, the case will be dismissed for want of prosecution.

*All cases are called for trial unless otherwise notified in writing by the Court.*

Failure to appear for trial may result in case dismissal or default judgment, and even an agreed or unopposed motion to reinstate will not automatically be granted.

Completion of discovery, presentation of pretrial motions and other matters relating to preparation for trial are governed by the Local Rules of the Civil Courts of Dallas County available from the County Clerk's office.

Trial announcements must be made in accordance with the Rule 3.02 of the DALLAS CIVIL COURT RULES.  When no announcement is made for **Plaintiff**, the case will be dismissed for want of prosecution.

*All cases are called for trial unless otherwise notified in writing by the Court.*

Failure to appear for trial may result in case dismissal or default judgment, and even an agreed or unopposed motion to reinstate will not automatically be granted.

Completion of discovery, presentation of pretrial motions and other matters relating to preparation for trial are governed by the Local Rules of the Civil Courts of Dallas County available from the County Clerk's office.

Sally Montgomery
Presiding Judge

*IF A *JURY DEMAND* IS REQUESTED, IT MUST BE MADE IN WRITING AND SUBMITED WITH $**40.00** FOR THE JURY AND BAILIFF FEES TO: MR. JOHN WARREN, DALLAS COUNTY CLERK, 600 COMMERCE, #101, DALLAS, TEXAS 75202*
**Because we no longer maintain paper files, if you file a pleading within 24 hours of a trial or hearing please provide a courtesy copy to the court at the trial/hearing.  Thank you**

**Judge Sally Montgomery**
**County Court at Law 3**
**600 Commerce, 5ᵗʰ Floor**
**Dallas, Texas 75202**
**(214) 653-6394**

October 17, 2021

STACY H BRUCE
COBB MARTINEZ WOODWARD PLLC
1700 PACIFIC AVENUE
SUITE 3100
DALLAS TX  75201

Cause No. CC-21-03933-C Style:      QUALON DOUGLAS
vs.
DORCHESTER APARTMENTS AND RICHDALE APARTMENTS

---

THE PARTIES ARE INSTRUCTED TO CROSS-SERVE THIS NOTICE UPON ALL ADVERSE
PARTIES IN COMPLIANCE WITH *TEXAS RULES OF CIVIL PROCEDURE 21A.*

---

**COUNSEL OF RECORD**:

Please take note of the following setting:

**Non-Jury Trial**:   **August 01, 2022 @ 10:00 a.m.** (For jury trials, clients not participating in *voir dire* need not appear before 10:00 a.m.)

Trial announcements must be made in accordance with the Rule 3.02 of the DALLAS CIVIL COURT RULES.  When no announcement is made for **Plaintiff**, the case will be dismissed for want of prosecution.

*All cases are called for trial unless otherwise notified in writing by the Court.*

Failure to appear for trial may result in case dismissal or default judgment, and even an agreed or unopposed motion to reinstate will not automatically be granted.

Completion of discovery, presentation of pretrial motions and other matters relating to preparation for trial are governed by the Local Rules of the Civil Courts of Dallas County available from the County Clerk's office.

Trial announcements must be made in accordance with the Rule 3.02 of the DALLAS CIVIL COURT RULES.  When no announcement is made for **Plaintiff**, the case will be dismissed for want of prosecution.

*All cases are called for trial unless otherwise notified in writing by the Court.*

Failure to appear for trial may result in case dismissal or default judgment, and even an agreed or unopposed motion to reinstate will not automatically be granted.

Completion of discovery, presentation of pretrial motions and other matters relating to preparation for trial are governed by the Local Rules of the Civil Courts of Dallas County available from the County Clerk's office.

Sally Montgomery
Presiding Judge

*IF A *JURY DEMAND* IS REQUESTED, IT MUST BE MADE IN WRITING AND SUBMITTED WITH $**40.00** FOR THE JURY
AND BAILIFF FEES TO: MR. JOHN WARREN, DALLAS COUNTY CLERK, 600 COMMERCE, #101, DALLAS, TEXAS 75202*
Because we no longer maintain paper files, if you file a pleading within 24 hours of a trial or hearing please provide a courtesy copy to the court at the trial/hearing.  Thank you

FILED
10/18/2021 4:22 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY



COBB MARTINEZ WOODWARD

Stacy H. Bruce                                                                214.220.5260 | direct fax
214.220.5210                                                                 sbruce@cobbmartinez.com

October 18, 2021

**VIA EFILE**
Mr. Brandon Pettigrew, Clerk
County Court at Law No. 3
Geo L. Allen, Sr. Courts Bldg.
600 Commerce St., 5th Floor New Tower
Dallas, TX  75202

      Re:    Cause No. CC-21-03933-C
            *Qualon Douglas v. Dorchester Apartments*
            Our File No. 0275.00016

Dear Mr. Pettigrew:

      Attached please find the proposed Order on Defendant's Motion to Dismiss for Failure to Perfect Appeal, and Objections to Affidavit of Inability to Pay Bond in the above-referenced matter.

      Please present the Order to Judge Montgomery for review and signature.

      By copy of this letter, I am forwarding same to pro se Plaintiff.

                        Very truly yours,

                        Stacy H. Bruce

SHB/mr/502585
enclosure

cc:    Qualon Douglas (w/encl.) – Via eServe and Email

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Missy Ramirez on behalf of Stacy Bruce
Bar No. 24036793
mramirez@cobbmartinez.com
Envelope ID: 58294325
Status as of 10/19/2021 8:24 AM CST

Associated Case Party: DORCHESTER APARTMENTS AND RICHDALE
APARTMENTS

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Missy Ramirez | | mramirez@cobbmartinez.com | 10/18/2021 4:22:03 PM | SENT |
| Stacy H.Bruce | | sbruce@cobbmartinez.com | 10/18/2021 4:22:03 PM | SENT |
| Hannah L.Hansen | | hhansen@cobbmartinez.com | 10/18/2021 4:22:03 PM | SENT |
| Sandi Mallon | | smallon@cobbmartinez.com | 10/18/2021 4:22:03 PM | SENT |

**CAUSE NO. CC-21-03933-C**

| | | |
|---|---|---|
| **QUALON DOUGLAS** | § | **IN THE COUNTY COURT** |
| | § | |
| **V.** | § | **AT LAW NO. 3** |
| | § | |
| **DORCHESTER APARTMENTS and** | § | |
| **RICHDALE APARTMENTS** | § | **DALLAS COUNTY, TEXAS** |

**ORDER ON DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PERFECT APPEAL, AND OBJECTIONS TO AFFIDAVIT OF INABILITY TO PAY BOND**

On October 18, 2021, this Court considered Defendant's Motion to Dismiss for Failure to Perfect Appeal, or Alternatively, Objections to Plaintiff's Statement of Inability to Pay Appeal Bond. After considering the Motion and Objections, all timely responses, arguments of the parties, and evidence presented to the Court, the Court issues the following opinion:

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that Defendant's Objections to Plaintiff's Statement of Inability to Pay Appeal Bond are **SUSTAINED.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Statement of Inability to Afford Payment of an Appeal Bond is **DENIED.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiff failed to meet his burden to prove his inability to afford payment of an appeal bond.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiff is required to pay a $500 appeal bond plus court costs by **October 19, 2021 at 5 pm.** Plaintiff's failure to pay the required appeal bond and court costs by the provided deadline will result in dismissal of his appeal. All relief not expressly granted is herein denied.

**SO ORDERED.**

SIGNED this _____ day of _____, 2021.

_____
**JUDGE PRESIDING**

CAUSE NO. CC-21-03933-C

| | | |
|---|---|---|
| QUALON DOUGLAS | § | IN THE COUNTY COURT |
| | § | |
| V. | § | AT LAW NO. 3 |
| | § | |
| DORCHESTER APARTMENTS and | § | |
| RICHDALE APARTMENTS | § | DALLAS COUNTY, TEXAS |

### ORDER ON DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PERFECT APPEAL, AND OBJECTIONS TO AFFIDAVIT OF INABILITY TO PAY BOND

On October 18, 2021, this Court considered Defendant's Motion to Dismiss for Failure to

Perfect Appeal, or Alternatively, Objections to Plaintiff's Statement of Inability to Pay Appeal

Bond. After considering the Motion and Objections, all timely responses, arguments of the parties,

and evidence presented to the Court, the Court issues the following opinion:

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that Defendant's

Objections to Plaintiff's Statement of Inability to Pay Appeal Bond are **SUSTAINED.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiff's

Statement of Inability to Afford Payment of an Appeal Bond is **DENIED.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiff failed to

meet his burden to prove his inability to afford payment of an appeal bond.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiff is required

to pay a $500 appeal bond plus court costs by October 19, 2021 at 5 pm. ~~Plaintiff's failure to pay~~
*The Court finds that Defendant paid the $500 appeal bond*
~~the required appeal bond and court costs by the provided deadline will result in dismissal of his~~
*on October 18, 2021.*
~~appeal. All relief not expressly granted is herein denied.~~ *perfected. Ordered that*
*The appeal by Defendant is*
~~SO ORDERED.~~ *the Defendant's appeal be perfected and*
*the file from the unfulfine Cause 3, Place 1, Case No. JS21-*
SIGNED this *12th* day of *November*, 2021 *00184 A is hereby properly*
*appealed the above styled*
*and numbered cause.*

_____
**JUDGE PRESIDING**

CC-21-03933-C
CORDER
ORDER -
2498708

ORDER ON DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PERFECT APPEAL
AND OBJECTIONS TO PLAINTIFF'S AFFIDAVIT OF INABILITY TO PAY COSTS/Solo Page
Doc. #496913

FILED
12/17/2021 4:22 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

**CAUSE NO. CC-21-03933-C**

| | | |
|---|---|---|
| **QUALON DOUGLAS** | § | **IN THE COUNTY COURT** |
| | § | |
| **V.** | § | **AT LAW NO. 3** |
| | § | |
| | § | |
| **DORCHESTER APARTMENTS and** | § | |
| **RICHDALE APARTMENTS** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| | § | **JURY DEMANDED** |

## PLAINTIFF'S AMENDED FIRST ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiff Qualon Douglas complaining of Defendant(s), of Dorchester Apartments and Richdale Apartments and files this Amended First Original Petition

### I. PARTIES

1.     Plaintiff is Qualon Douglas.

2.     Defendants, Dorchester Apartments and Richdale Apartments are corporations with principal places of business in Dallas County, Texas, and may be served with citation by Certified Mail at 5300 Spring Valley Road, Dallas, Texas 75254, or any other place where Defendant may be found.

### II. DISCOVERY LEVEL

3.     Discovery is intended to be conducted under Level 3 of TEX. R. CIV. P.190.

## III. <u>VENUE AND JURISDICTION</u>

4.      Venue is proper in this cause pursuant to CIV. PRAC. & REM. CODE §15.002 in

Dallas County, Texas because all or a substantial part of the events which gave rise to this cause

of action occurred in Dallas County, Texas and the subject matter in controversy is Within the

jurisdictional limits of this Court.

## IV. <u>FACTS</u>

5.      The U.S. Fair Housing Act and Texas Fair Housing Act specifically outline that it

is illegal for anyone to discriminate, harass, coerce, intimidate, threaten or interfere with anyone

exercising a fair housing right or assisting other who exercise their housing rights.

6.      On March 3, 2021, Plaintiff filed a Small Claims Petition claiming Defendants

maliciously and negligently failed to make timely repairs due to personal racial discriminatory

vendettas.   Additionally, Defendant's lack of due diligence in regards to the maintenance of its

apartments harms its tenants, making it nonviable to honor obligations under the apartment lease

contract. Case is on Appeal from Justice Court.

The Federal Fair Housing Act, in addition to the Texas Fair Housing Act, protects

the rights of consumers against retaliation and discrimination. Plaintiff has the right to renew his

lease, and receive fair treatment under the Fair Housing.  Additionally, Plaintiff has medical,

religious, and financial merits for not evacuating the apartment regardless of the hostile

environment. Furthermore, he is protected by the law, and should not have to do so.

On November 1st 2021, Plaintiff exercised his right to renew the lease, and has fulfilled

his contractual obligation by timely advancing the rents to the Defendants.  On or about October

15, 2021, Plaintiff notified Defendants that the apartment's stove was not working; in addition to

other needed repairs. Rather, emboldened by the Justice Court's ruling, Defendants continue to discriminate and retaliate, against Plaintiff failing to make reasonable repairs required in order to make the apartment livable.


## V. <u>CAUSES OF ACTION</u>

**A.   Negligence**

**7.**   Defendants(s) were negligent in one or more of the following ways:

a.   Failing to rent property in a reasonable safe condition

b.   Failing to notify Plaintiff in a reasonable time prior to turning off water.

d.   Alleging that a crime occurred with the Dallas Police Department.


**B**.    **Deceptive Trade Practices Act ("DTPA")**

8.   Plaintiff(s) herein incorporate by reference all paragraphs above.

9.   In the alternative and without waiving the foregoing, Defendant(s) violated the Texas Deceptive Trade Practices Act ("DTPA").

10.   Plaintiff(s) is a consumer under the DTPA because Plaintiff(s) are individuals who acquired goods by lease.

11.   The term "goods" includes real property under the DTPA.

12.   Defendant(s) is a corporation that can be sued under the DTPA.

13.   Defendant(s) violated the DTPA when Defendant(s) engaged in false, misleading, or deceptive acts or practices in relation to the transaction and/or failed to disclose as set forth under §17.46 of the Texas Business and Commerce Code, including, but not limited to, §§17.46(b)(5), (7) and/or (24).

14.      Plaintiff(s) gave Defendant(s) notice as required by Texas Business & Commerce Code section 17.505(a).

15.      Defendant(s)' wrongful conduct was a proximate and producing cause of Plaintiff(s)' damages.

16.      Plaintiff(s) suffered economic and mental anguish damages as a result of Defendant(s)' DTPA violations.

**C.      Breach of Contract**

17.      Plaintiff(s) herein incorporate by reference all paragraphs above.

18.      In the alternative and without waiving the foregoing, Defendant(s) breached its contract with Plaintiff(s).

19.      Plaintiff(s) and Defendant(s) executed a valid and enforceable contract. The contract provided that Plaintiff(s) would pay money to Defendant(s) in exchange for the use of Defendant(s)' property.

20.      Plaintiff(s) tendered performance of Plaintiff(s)' contractual obligation. Namely, Plaintiff(s) paid money to Defendant(s) per the terms of their contract.

**D.     Civil Conspiracy**

21.      Plaintiff(s) herein incorporate by reference all paragraphs above.

22.      Defendant(s) unlawfully conspired together to harm Plaintiff.

23.      Defendant(s) sought to discriminate and retaliate.

24.      Direct course of action was taken to accomplish harm.

25.      Defendant(s) violated the Texas Fair Housing act when Defendant(s) engaged in discriminating against another in the terms, conditions, or privileges of sale or rental of a dwelling or in providing services or facilities in connection with a sale or rental of a dwelling

because of race, color, religion, sex, familial status, or national origin as set forth under `Sec.` `301.021.` of the Texas Property Code , including, but not limited to, `Sec.` `301.021` (b))and `Sec.` `301.023.`

## VI. <u>CONDITIONS PRECEDENT</u>

26.     All conditions precedent occurred or have been performed under the lease Agreement at issue.


## VII. <u>DAMAGES</u>

27.     As a result of the negligent conduct of the Defendants(s), Plaintiff suffered and will continue to suffer in the future, actual damages within the jurisdictional limits of the Court, including but not limited to economic damages,  past and future mental anguish, lost income, exemplary damages, pre-judgment and post judgment interest, and costs of court.

28.     For Plaintiff's DTPA claims, Plaintiff suffered and will continue to suffer in the future, actual damages within the jurisdictional limits of the Court, including but not limited to economic damages,  past and future mental anguish, lost income, exemplary damages, pre-judgment and post judgment interest, and costs of court.

29.     For Plaintiff's breach of contract claims, Plaintiff suffered and will continue to suffer in the future, actual damages within the jurisdictional limits of the Court, including but not limited to economic damages,  past and future mental anguish, lost income, exemplary damages, pre-judgment and post judgment interest, and costs of court.

30.     For Plaintiff's civil conspiracy claims, Plaintiff suffered and will continue to suffer in the future, actual damages within the jurisdictional limits of the Court, including but not

limited to economic damages,  past and future mental anguish, lost income, exemplary damages, pre-judgment and post judgment interest, and costs of court.

31.     Plaintiff seek no monetary relief, only fair treatment based on the contract on the behalf of the Defendant, and full overturn of the Justice Court's judgment. Alternatively, if jury trial proceeds, Plaintiff seek monetary relief not more than $100,000.


## VIII. **TREBLE DAMAGES**

32.     Defendants(s) knowingly and intentionally violated the DTPA.        Plaintiff is therefore entitled to treble economic damages and mental anguish damages under the DTPA.

## IX. **NOTICES**

33.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice that any and all documents produced by any party will be used at any pretrial proceeding and/or the trial of this matter.

34.     Pursuant to Rule 609(f) of the Texas Rules of Evidence, Plaintiff further places the parties to this suit on notice of its intent to use evidence of criminal convictions, if any, at trial of the above-entitled and numbered cause.

## X. **PRAYER**

35.     For these reasons set forth above, Plaintiff prays that they have judgment against the Defendant(s) for the following.


a.     Actual damages within the jurisdictional limits of this court;

b.     Past and future economic damages;

c.     Past and future pain and suffering damages;

d.     Past and future mental anguish damages;

e.      Exemplary damages;

f.      Treble damages under the DTPA;

g.      Pre-judgment and post-judgment interest at the highest rate allowed by law;

h.      Expenses and costs of court; and

i.      All other relief, in law and equity, to which Plaintiff may be entitled.


Respectfully submitted,

By: /s/ Qualon Douglas

Pro se

qualondouglas@gmail.com

P.O. Box 260155

Plano, TX 75026

Telephone:214-402-8611

Facsimile: 866-566-0217

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 60148786
Status as of 12/20/2021 10:37 AM CST

Associated Case Party: DORCHESTER APARTMENTS AND RICHDALE APARTMENTS

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Missy Ramirez | | mramirez@cobbmartinez.com | 12/17/2021 4:22:04 PM | SENT |
| Stacy H.Bruce | | sbruce@cobbmartinez.com | 12/17/2021 4:22:04 PM | SENT |
| Sandi Mallon | | smallon@cobbmartinez.com | 12/17/2021 4:22:04 PM | SENT |
| Hannah L.Hansen | | hhansen@cobbmartinez.com | 12/17/2021 4:22:04 PM | SENT |

## Missy Ramirez

| | |
|---|---|
| **From:** | JP31Civil <JP31Civil@dallascounty.org> |
| **Sent:** | Tuesday, January 4, 2022 1:13 PM |
| **To:** | Missy Ramirez; JP31Civil |
| **Cc:** | Stacy Bruce |
| **Subject:** | RE: [External Sender]JS21-00184A - Douglas v. Dorchester [IWOV-COBB.FID238769] |

Thank you, Missy, for providing a copy of Judge Montgomery's order. We will process the appeal and mail all documents to County Court at Law No. 3.

*Hillary Lessard, Chief Clerk*
**Judge Al Cercone | Justice of the Peace, 3-1**
6820 Lyndon B. Johnson Frwy.| Suite 3100 | Dallas, TX 75240-6511
**Tel** 214-321-4106 | **Fax** 214-321-4912 | JP31Court@dallascounty.org

---

**From:** Missy Ramirez <MRamirez@cobbmartinez.com>
**Sent:** Tuesday, January 4, 2022 9:29 AM
**To:** JP31Civil <JP31Civil@dallascounty.org>
**Cc:** SBruce <SBruce@CobbMartinez.com>
**Subject:** [External Sender]JS21-00184A - Douglas v. Dorchester [IWOV-COBB.FID238769]

As per our conversation, attached is the conformed Order on Defendant's Motion to Dismiss for Failure to Perfect Appeal, and Objections to Affidavit of Inability to Pay Bond entered on November 12, 2021 in County Court at Law No. 3, Dallas County,
Texas.

Please let me know if you have any questions or have difficulty opening the attachment.



**Missy Ramirez**
Legal Assistant to Jonathan LaMendola,
Stacy Bruce & Michael Smith
Cobb Martinez Woodward PLLC
1700 Pacific Avenue, Suite 3100
Dallas, Texas  75201
(214) 220-5213  direct
(214) 220-5299  fax
mramirez@cobbmartinez.com
www.cobbmartinez.com

CONFIDENTIALITY NOTICE: This communication, including any attachments, may contain confidential and/or privileged information.  It is not intended for transmission to, or receipt by, any unauthorized person.  If you received this message in error, please do not read it.  Reply to the sender that you received this message in error, and delete the message and any attachments or copies.  The unauthorized use, disclosure, copying, or dissemination of the contents of this message or its attachment is strictly prohibited and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client or any other privilege.

**This message came from outside of Dallas County Government. Please be thoughtful before you click a link or provide your login information!**

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Missis Ramirez**

| | |
|---|---|
| **From:** | JP31Civil <JP31Civil@dallascounty.org> |
| **Sent:** | Tuesday, January 4, 2022 1:40 PM |
| **To:** | Missy Ramirez; Stacy Bruce |
| **Cc:** | JP31Civil |
| **Subject:** | RE: [External Sender]JS21-00184A - Douglas v. Dorchester [IWOV-COBB.FID238769] |

I'm getting the paperwork together now and will get it out in tomorrow's mail as to not cause any more unnecessary delay.

*Hillary Lessard, Chief Clerk*
**Judge Al Cercone | Justice of the Peace, 3-1**
6820 Lyndon B. Johnson Frwy.| Suite 3100 | Dallas, TX 75240-6511
**Tel** 214-321-4106 | **Fax** 214-321-4912 | JP31Court@dallascounty.org

---

**From:** Stacy Bruce <sbruce@cobbmartinez.com>
**Sent:** Tuesday, January 4, 2022 1:32 PM
**To:** JP31Civil <JP31Civil@dallascounty.org>; Missy Ramirez <MRamirez@cobbmartinez.com>
**Subject:** RE: [External Sender]JS21-00184A - Douglas v. Dorchester [IWOV-COBB.FID238769]

Thank you for your help in getting this handled – I appreciate it more than you know.

Do you have a timeframe for when it will be mailed? Not trying to be a pain, but just want to know so that I know when to follow up with the County Court clerk?

Thank you again for your help!

Stacy

**From:** Missy Ramirez <MRamirez@cobbmartinez.com>
**Sent:** Tuesday, January 4, 2022 1:31 PM
**To:** JP31Civil <JP31Civil@dallascounty.org>
**Cc:** SBruce <SBruce@CobbMartinez.com>
**Subject:** RE: [External Sender]JS21-00184A - Douglas v. Dorchester [IWOV-COBB.FID238769]

Thank you for responding.  Our deadline to file our removal is January 14, 2022.  Do you think this can be done before then?

I am so sorry if this creates any inconvenience.



**Missy Ramirez**
Legal Assistant to Jonathan LaMendola,
Stacy Bruce & Michael Smith
Cobb Martinez Woodward PLLC
1700 Pacific Avenue, Suite 3100

1

Dallas, Texas  75201
(214) 220-5213  direct
(214) 220-5299  fax
mramirez@cobbmartinez.com
www.cobbmartinez.com

CONFIDENTIALITY NOTICE: This communication, including any attachments, may contain confidential and/or privileged information.  It is not intended for transmission to, or receipt by, any unauthorized person.  If you received this message in error, please do not read it.  Reply to the sender that you received this message in error, and delete the message and any attachments or copies.  The unauthorized use, disclosure, copying, or dissemination of the contents of this message or its attachment is strictly prohibited and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client or any other privilege.

**From:** JP31Civil <JP31Civil@dallascounty.org>
**Sent:** Tuesday, January 4, 2022 1:13 PM
**To:** Missy Ramirez <MRamirez@cobbmartinez.com>; JP31Civil <JP31Civil@dallascounty.org>
**Cc:** Stacy Bruce <sbruce@cobbmartinez.com>
**Subject:** RE: [External Sender]JS21-00184A - Douglas v. Dorchester [IWOV-COBB.FID238769]

Thank you, Missy, for providing a copy of Judge Montgomery's order. We will process the appeal and mail all documents to County Court at Law No. 3.

*Hillary Lessard, Chief Clerk*
**Judge Al Cercone | Justice of the Peace, 3-1**
6820 Lyndon B. Johnson Frwy.| Suite 3100 | Dallas, TX 75240-6511
**Tel** 214-321-4106 | **Fax** 214-321-4912 | JP31Court@dallascounty.org

**From:** Missy Ramirez <MRamirez@cobbmartinez.com>
**Sent:** Tuesday, January 4, 2022 9:29 AM
**To:** JP31Civil <JP31Civil@dallascounty.org>
**Cc:** SBruce <SBruce@CobbMartinez.com>
**Subject:** [External Sender]JS21-00184A - Douglas v. Dorchester [IWOV-COBB.FID238769]

As per our conversation, attached is the conformed Order on Defendant's Motion to Dismiss for Failure to Perfect Appeal, and Objections to Affidavit of Inability to Pay Bond entered on November 12, 2021 in County Court at Law No. 3, Dallas County, Texas.

Please let me know if you have any questions or have difficulty opening the attachment.



**Missy Ramirez**
Legal Assistant to Jonathan LaMendola,
Stacy Bruce & Michael Smith
Cobb Martinez Woodward PLLC
1700 Pacific Avenue, Suite 3100
Dallas, Texas  75201
(214) 220-5213  direct
(214) 220-5299  fax
mramirez@cobbmartinez.com
www.cobbmartinez.com

CONFIDENTIALITY NOTICE: This communication, including any attachments, may contain confidential and/or privileged information.  It is not intended for transmission to, or receipt by, any unauthorized person.  If you received this message in error, please do not read it.  Reply to the sender that you received this message in error, and delete the message and any attachments or copies.  The unauthorized use, disclosure, copying, or dissemination of the contents of this message or its attachment is strictly prohibited and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client or any other privilege.

**This message came from outside of Dallas County Government. Please be thoughtful before you click a link or provide your login information!**

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

CAUSE NO. CC-21-03933-C

| | | |
|---|---|---|
| QUALON DOUGLAS | § | IN THE COUNTY COURT |
| | § | |
| V. | § | AT LAW NO. 3 |
| | § | |
| DORCHESTER APARTMENTS and | § | |
| RICHDALE APARTMENTS | § | DALLAS COUNTY, TEXAS |

## DEFENDANT'S FIRST AMENDED ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **COMES NOW**, Dorchester Properties, Ltd (improperly sued as Dorchester Apartments and Richdale Apartments) (hereinafter "Defendant[1]") in the above-referenced cause, and files this its First Amended Answer to Plaintiff's Amended First Original Petition and respectfully shows the Court the following:

### I.
### GENERAL DENIAL

    Defendant generally denies each and every allegation contained in Plaintiff's First Amended First Original Petition and any subsequent Petition and demands strict proof thereof by preponderance of the credible evidence.

### II.
### AFFIRMATIVE DEFENSES, INFERENTIAL REBUTTALS, AND OTHER DEFENSIVE MATTERS

1.    Plaintiff failed to state a claim upon which relief may be granted.

2.    Defendant alleges as an affirmative defense that the injuries, damages, or liabilities of which Plaintiff complain, if any exist, are the result, in whole or in part, of a pre-existing condition and/or disability and are not the result of any act or omission on the part of this Defendant.

---

[1] Since there is only one true party, we refer to Defendant in the singular.

DEFENDANT'S FIRST AMENDED ANSWER/Page 1
Doc. #516891

3.    Defendant alleges that the incident the subject of this lawsuit was an unavoidable accident, sudden emergency, and was not proximately caused by the acts or omissions of any party.

4.    Defendant contends that fault should be apportioned among the parties as determined by the finder of fact and hereby invokes all rights and remedies contained in Chapter 33 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

5.    The incident in question and the damages alleged by Plaintiff, if any, were caused, solely or partially, or proximately caused by the fault or negligence of some person or third party over whom Defendant had no right of nor actual control nor legal responsibility.

6.    Plaintiff's alleged damages or a portion thereof, if any exist, were wholly caused by a new and independent cause or causes not reasonably foreseeable by Defendant, or by intervening acts of others or superseding cause which were the sole proximate cause, or in the alternative, a contributing cause of any injuries or damages to Plaintiff.  Such new and independent acts or causes became the immediate and efficient cause or causes or sole cause of Plaintiff's injuries, if any, such that any and all of the negligent acts or omissions of which Plaintiff complains as to this Defendant were not the cause of any damages or injuries suffered by Plaintiff.

7.    Defendant further alleges that Plaintiff has received injuries after the occurrence in question and that said injuries contributed to Plaintiff's present damages, and disabilities, if any, and the occurrence involving those injuries were an intervening cause, a new and independent cause, or the sole proximate cause of Plaintiff's injuries, damages, and disabilities, if any.

8.    Defendant asserts the defense of contributory negligence.

9.    Plaintiff failed to mitigate his alleged damages.

10.   Defendant cannot be held to answer for punitive or exemplary damages for the acts or omissions of any employee or agent.

11.     Pleading further, in the event Defendant is found liable for exemplary damages, and in the event a verdict is returned against it, Defendant affirmatively alleges that any such liability it  may have is limited as set forth in the applicable provisions of Chapter 41, TEXAS CIVIL PRACTICE & REMEDIES CODE.

12.     In the unlikely event that Plaintiff obtains a judgment for punitive damages, Defendant would show that its liability is limited by the provisions of Chapter 41 of the Texas Civil Practice and Remedies Code; and any award of punitive damages is barred to the extent that it is inconsistent with the standards and limitations set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mutual Automobile Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003).

13.     Consideration of any punitive damages in this civil action violates the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

14.     An award of punitive damages, if allowed, is a punishment and a quasi-criminal sanction for which Defendants are not afforded the specific procedural safeguards prescribed by the Fourth, Fifth and Sixth Amendments of the United States Constitution.

15.     An award of punitive damages, if allowed, would also violate Article 1, Sections 3, 13, and 19 of the Texas Constitution.

16.     Defendant would show that any award of pre-judgment interest on future damages would deprive Defendant of its property and rights without due process and course of law, and would further constitute an excessive and unreasonable fine or penalty prohibited by the Texas and United States Constitutions.

17.     Defendant further pleads that Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in: Chapter 304, TEXAS FINANCE CODE; and Chapter 41, TEXAS CIVIL PRACTICE & REMEDIES CODE.

18.     Defendant invokes its right to have evidence regarding lost wages, loss of earning capacity, loss of pecuniary value or loss of inheritance limited pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE § 18.091.  Further, Defendant reserves it right to have the jury instructed whether such damages are subject to federal or state income tax.

19.     Defendant invokes its right to have evidence regarding the amount billed and/or written off for medical expenses excluded pursuant to TEXAS CIVIL PRACTICE CODE § 41.0105.

20.     Defendant asserts that Plaintiff's medical treatment was excessive, unreasonable, and unnecessary.

21.     The economic loss rule bars Plaintiff's damages.

22.     Plaintiff's claims are barred by the applicable statute of limitations.

23.     Plaintiff has not sustained any damages and/or the alleged damages are remote, uncertain and speculative.

24.     Plaintiff's claim for conspiracy fails as a matter of law because the underlying torts fail as a matter of law.

25.     Plaintiff's claim for conspiracy fails because an agent cannot conspire with its principal.

26.     Defendant did not harass, discriminate or retaliate against Plaintiff.

27.     Defendant acted with subjective good faith belief and that it had an objectively reasonable belief that its conduct did not violate the law.

28.     Defendant exercised a good faith attempt to comply with all of its obligations under the law.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that Plaintiff take nothing by this suit, that Defendant recover its costs, and for such other and further relief to which Defendant may be justly entitled at law or in equity.

DEFENDANT'S FIRST AMENDED ANSWER/Page 4
Doc. #516891

**Respectfully submitted**,

**COBB MARTINEZ WOODWARD PLLC**
1700 Pacific Avenue, Suite 3100
Dallas, Texas 75201
214.220.5210
214.220.5299 Fax

By:    */s/ Stacy Hoffman Bruce*
       **STACY HOFFMAN BRUCE**
       Texas Bar No. 24036793
       sbruce@cobbmartinez.com
       **HANNAH L. HANSEN**
       Texas Bar No. 24116483
       hhansen@cobbmartinez.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify a true and correct copy of this document has been forwarded to Plaintiff either by e-service, telefax, electronic mail, and/or regular U.S. mail on this 13th day of January, 2022:

Qualon Douglas
P.O. Box 260155
Plano, TX 75026
qualondouglas@gmail.com

*/s/ Stacy Hoffman Bruce*
**STACY HOFFMAN BRUCE**

**Missis Ramirez**

| | |
|---|---|
| **From:** | support=filetime.com@mail.filetime.com on behalf of support@filetime.com |
| **Sent:** | Thursday, January 13, 2022 1:59 PM |
| **To:** | Missy Ramirez |
| **Cc:** | qualondouglas@gmail.com |
| **Subject:** | Submitted new filing(s) for case#CC-21-03933-C with submission id#60797955 |


*Fast and Reliable*

## Proof of Submission

| | |
|---|---|
| **Submission ID:** | **Cause No:** |
| 60797955 | CC-21-03933-C |
| **Submission Date & Time:** | **Client ID:** |
| 01/13/22 01:58 PM CST | 0275.00016 |
| **Mediator:** | **Document:** |
| JENNIFER CALHOUN | 2022.01.13-Douglas-D's 1st Amended Answer.pdf |
| **Defendant:** | |
| DORCHESTER APARTMENTS AND RICHDALE APARTMENTS | |
| **Plaintiff:** | |
| QUALON DOUGLAS | |

### Case Information

**Case Title:**
QUALON DOUGLASvs.DORCHESTER APARTMENTS AND RICHDALE APARTMENTS

**Jurisdiction:**
Dallas County - County Court at Law No. 3

**Case Category:**
Civil - Other Civil

**Case Type:**
Other Civil

**Payment Account:**
CMW Visa

**Client ID:**
0275.00016

**Cause No:**
CC-21-03933-C

**Attorney:**
Stacy H. Bruce

**Filer:**
Missy Ramirez

### Fees Breakdown

**Court Fees**

**Answer/Response**

| | |
|---|---|
| Filing Fee | $0.00 |
| Total Fee For This Filing | $0.00 |
| **Submission Fees** | |
| eFiling Manager Convenience Fee | $0.09 |
| FileTime Service Fee | $2.99 |
| Sales Tax on FileTime Fee | $0.25 |
| Total Submission Fees | $3.33 |
| Total Fees for this Filing | $3.33 |

**Credit Card Information for This Filing**

**Your credit card statement will show:**

### Case Parties

| Party Type | Name | Our Client |
|---|---|---|
| Mediator | JENNIFER CALHOUN | No |
| Defendant | DORCHESTER APARTMENTS AND RICHDALE APARTMENTS | Yes |
| Plaintiff | QUALON DOUGLAS | No |

## Filings

Filing Type: eFile & eServe

| Filing | Documents | | |
|---|---|---|---|
| | **Document** | **Type** | **Security** |
| Answer/Response | [2022.01.13-Douglas-D's 1st Amended Answer.pdf](#) | Lead Document | Does not contain sensitive data |

Filing Description: Defendant's First Amended Answer

## Service Contacts

| Name |
|---|
| Missy Ramirez |
| Stacy Bruce |
| Sandi Mallon |
| Hannah Hansen |

## Pleading

| Jurisdiction | $0.00 |
|---|---|
| eFiling Manager | $3.33 |

2