ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2022 FEB 15 AM 11:45

DEPUTY CLERK_____

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| QUALON DOUGLAS | § | |
| | § | CIVIL ACTION NO. |
| V. | § | 3:22-cv-00100-K-BK |
| | § | |
| DORCHESTER APARTMENTS and | § | |
| RICHDALE APARTMENTS | § | |

## MOTION TO REMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE

**NOW INTO COURT, come** plaintiff QUALON DOUGLAS, who respectfully request this Honorable Court to remand the above entitled and numbered proceeding to County Court at Law No. 3, Dallas County, Texas, pursuant to 28 U.S.C. §§ 1447 (c) because removal of this action by the defendants, Dorchester Properties, was untimely and inappropriate, as more fully set forth below. In addition, plaintiff request that defendants be cast in judgment for all costs and expenses associated with this removal, as the filing of the removal was clearly contrary to prevailing law and it was filed for the sole purpose of impeding the state court proceedings and efforts to mediate the case.

## I.    BACKGROUND

In the petition filed with the Justice Court, plaintiff sought no actual monetary damages. Rather, only to have Dorchester honor the parties residential lease agreement. Fair and

reasonable treatment, as a matter of law was implied. Settlement was quickly reached between both parties without the involvement of attorneys.

However, due to property damage sustained during the winter storm: Dorchester already had a claim in process under their commercial insurance policy. Under that same insurance claim, legal counsel was provided to the defendants at no additional cost. The insurance company had an obligation to defend plaintiff's liability state pleaded claims, for breach of contract and negligence. However, counsel for Dorchester, voided an amicable previously finalized settlement agreement. Thereby, forcing Douglas to amend his complaint and provide a legal response. This suit began, as very simple matter. Plaintiff pleaded with Ms. Bruce, during Justice Court proceedings. Urging, that bankruptcy would be the only foreseeable outcome in the matter.

Dorchester has no actual damages, or counterclaims against the plaintiff. Unreasonable attorney fees are the matter before the Court.

Douglas filed an amended petition, after receiving notification that his Dallas County case on appeal had been placed on the docket as a bench trial. Out of nothing more than ignorance, he amended the petition; still no damages are being sought. Plaintiff sought only to preserve his right to a jury trial. Additionally, plaintiff has not asserted any claims whatsoever against the defendants in this matter pursuant to the Fair Housing Act. In short, this is an action against Dorchester for breach of contract, negligence, and/or bad faith for the way they have performed as to a residential lease agreement.

On January 14, 2022, Defendants filed a Notice of Removal under 28 U.S.C. §§ 1331, 1441, and 1446 on the basis that Plaintiff's First Amended Petition alleges violations of the Fair

Housing Act. This removal is untimely because it is filed more than 180 days after commencement of the case. Moreover, a jury trial was demanded, and plaintiff's amendments did not modify the original state claims, in a way to raise a federal question.

## II. LEGAL STANDARDS

Title 28 U.S.C Section 1441 establishes procedures for removal of civil actions and provides in pertinent part, as follows:Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, **treaties or laws of the United States shall be removable without regard to the citizenship** or residence of the parties.

**Federal question** jurisdiction under **28 U.S.C. § 1331** is proper "only when a **federal question** is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar,* 482 U.S. at 392, 107 S.Ct. 2425.

## III. CONCLUSION

The petition set forth requested no relief, and there were no grounds to trigger the thirty-day removal period. The Court lacks subject matter jurisdiction, there is no federal question.

For the above and foregoing reasons, plaintiff respectfully pray that his Motion to Remand be granted, that Dorchester and Richdale be cast in judgment for all cost and expenses for the removal, and that the case be remanded to the County Court at Law No. 3 of Dallas County, Texas.

Respectfully submitted,

s/sQualon Douglas

Pro se

13601 Preston Road Ste. W710 Dallas, TX

75240

## CERTIFICATE OF SERVICE

I certify a true and correct copy of this document has been forwarded to Plaintiff either by e-service, telefax, electronic mail, and/or regular U.S. mail on this 14th day of January, 2022:

STACY BRUCE

1700 Pacific Avenue, Suite 3100
Dallas, Texas 75201
214.220.5210
214.220.5299 Fax

sbruce@cobbmartinez.com