IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| QUALON DOUGLAS,               § <br>     PLAINTIFF,             § <br>                                 § <br> V.                                                  §   CIVIL CASE NO. 3:22-CV-100-K-BK <br>                                 § <br> DORCHESTER PROPERTIES, LTD.,   § <br>     DEFENDANT.              § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and S*pecial Order 3,* this matter has been referred to the undersigned United States magistrate judge for pretrial management. Doc. 3. The Court now considers Plaintiff's *Motion to Remand.* Doc. 9. For the following reasons, Plaintiff's motion should be **DENIED**.

**I. BACKGROUND**

On December 17, 2021, the *pro se* Plaintiff filed his *Amended First Original Petition* ("Amended Complaint") against Defendant[1] in state court. Doc. 1-3 at 67-73. Plaintiff specifically alleges in the "Causes of Action" section of his Amended Complaint claims under the Texas Fair Housing Act and Texas Deceptive Trade Practices Act, as well as for negligence, breach of contract, and civil conspiracy. Doc. 1-3 at 68-71. However, he also alleges in the "Facts" section:

> The U.S. Fair Housing Act and Texas Fair Housing Act specifically outline that it is illegal for anyone to discriminate, harass, coerce, intimidate, threaten or interfere

---

[1] In its *Response to Motion to Remand*, Defendant Dorchester Properties Ltd states that it was improperly sued as two entities—Dorchester Apartments and Richdale Apartments—rather than one. Doc. 10 at 1.

> with anyone exercising a fair housing right or assisting other (sic) who exercise their housing rights.
>
> ***
>
> The Fair Housing Act, in addition to the Texas Fair Housing Act, protects the rights of consumers against retaliation and discrimination. Plaintiff has the right to renew his lease, and receive fair treatment under the Fair Housing (sic).

Doc. 1-3 at 68.

On January 14, 2022, Defendant removed this action on the basis of federal question jurisdiction. Doc. 1 at 2. On February 15, 2022, Plaintiff filed the motion *sub judice*, arguing the case was improperly removed because the notice of removal was untimely and Plaintiff's amended complaint raises no federal question. Doc. 9 at 2-3.

## II. APPLICABLE LAW

Under 28 U.S.C. § 1446, a defendant may remove a civil action from state court to federal court if the action originally could have been brought in federal court. 28 U.S.C. §§ 1441(a), (c). A federal district court has original jurisdiction of a civil action arising under federal law. 28 U.S.C. § 1331. A federal district court can also exercise supplemental jurisdiction of state claims that are transactionally related to the federal claim. 28 U.S.C. § 1367(a).

A defendant has 30 days to file a notice of removal upon learning that the action has become removable. 28 U.S.C. § 1446(b)(1). The removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Removal statutes are strictly construed in favor of remand and against removal. *Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 211 (5th Cir. 2002).

### III. ANALYSIS

Despite its mentions of the Fair Housing Act, Plaintiff argues in the motion to remand that his Amended Complaint pleads no federal claims. However, his subsequent reply to Defendant's response undercuts that argument. Plaintiff explicitly concedes in his reply that he "un-categorically agrees" the "language throughout his petition regarding unfair treatment pleads a claim under the Fair Housing Act." Doc. 11 at 1. This admission effectively moots Plaintiff's argument that he has alleged no federal question.

Moreover, Plaintiff's argument that Defendant's notice of removal was untimely likewise lacks merit. The notice of removal is timely because it was filed within 30 days of the action becoming removable—to-wit: within 30 days of Plaintiff filing his Amended Complaint on December 17, 2021, which he now concedes pleads an FHA claim. *See* 28 U.S.C. § 1446(b)(1); *see also* Doc. 1-2, *passim* (state court docket sheet).

### IV. CONCLUSION

For the aforementioned reasons, Plaintiff's *Motion to Remand*, Doc. 9, should be **DENIED**.

**SO RECOMMENDED** on June 15, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).