IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| QUALON QUEON DOUGLAS, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:22-CV-100-K-BK |
| | § | |
| DORCHESTER PROPERTIES, LTD., | § | |
| DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned magistrate judge for pretrial management. Doc. 3. Now before the Court is *Defendant's Motion to Dismiss Plaintiff's Amended First Original Petition*. Doc. 6. For the reasons that follow, the motion should be **GRANTED**.

## I. BACKGROUND

Plaintiff filed a *pro se Amended First Original Petition* ("Amended Complaint") against Defendant in state court. Doc. 1-3 at 67-73. Plaintiff asserts claims under the Texas Fair Housing Act ("TFHA") and Texas Deceptive Trade Practices Act ("DTPA"), as well as for negligence, breach of contract, and civil conspiracy. Doc. 1-3 at 68-71. As Plaintiff also alleges Defendant violated the federal Fair Housing Act ("FHA"), Doc. 1-3 at 68, Defendant removed the case to this Court based on federal question jurisdiction, Doc. 1. Defendant then filed the motion *sub judice*, seeking dismissal of Plaintiff's claims under Rule 12(b)(6). Doc. 7 at 6.

## II. APPLICABLE LAW

Motions to dismiss under Rule 12(b)(6) "must be made before pleading if a responsive pleading is allowed." FED. R. CIV. P. 12(b). But when, as here, a defendant mistakenly files a

Rule 12(b)(6) motion despite having filed an answer in state court before removing the case, Doc. 1-3 at 80-84, the court can treat it as one filed under Rule 12(c).  *See Allen v. Wells Fargo Bank, Nat'l Ass'n*, No. 3:16-CV-0249-D, 2017 WL 3421067, at *2 (N.D. Tex. Aug. 9, 2017) (Fitzwater, J.) (collecting cases).  Regardless, the standard for determining a Rule 12(c) motion is the same as that for a Rule 12(b)(6) motion.  *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) (citation omitted).

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In making this determination, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the [non-moving party]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted).  However, the court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (internal citation and quotation marks omitted).  To survive a motion to dismiss, a party's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted).

### III. ANALYSIS

As a preliminary matter, Plaintiff attached seven documents as exhibits to his response, including: (1) emails between the parties; (2) a letter from an electrician regarding Plaintiff's stove; (3) a letter from Defendant; and (4) a declaration from a former resident at Defendant's property.  Doc. 19 at 10-28.  Documents attached to a motion to dismiss "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim[s]."

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000) (quotations omitted). Courts must consider this threshold question—whether the attachments constitute matters outside the pleadings—before considering external documents. *O'Malley v. Brown Bros. Harriman & Co.*, No. SA-19-CV-0010-JKP, 2020 WL 1033658, at *3 (W.D. Tex. Mar. 3, 2020) (quotation omitted); FED. R. CIV. P. 12(d). The documents Plaintiff attaches to his response, however, are neither central to Plaintiff's complaint nor referenced by it. Thus, the Court cannot consider them without converting Defendant's motion to one for summary judgment, which it declines to do.[1] *See* FED. R. CIV. P. 12(d).

### A. Motion to Dismiss

Plaintiff's complaint is almost entirely devoid of substantive allegations. Plaintiff's factual summarization states *in toto*:

> On March 3, 2021, Plaintiff filed a Small Claims Petition claiming Defendants maliciously and negligently failed to make timely repairs due to personal racial discriminatory vendettas. Additionally, Defendant's lack of due diligence in regards to the maintenance of its apartments harms its tenants, making it nonviable to honor obligations under the apartment lease contract. Case is on Appeal from Justice Court.
>
> The Federal Fair Housing Act, in addition to the Texas Fair Housing Act, protects the rights of consumers against retaliation and discrimination. Plaintiff has the right to renew his lease, and receive fair treatment under the Fair Housing [sic]. Additionally, Plaintiff has medical, religious, and financial merits for not evacuating the apartment regardless of the hostile environment. Furthermore, he is protected by the law, and should not have to do so.
>
> On November 1st 2021, Plaintiff exercised his right to renew the lease, and has fulfilled his contractual obligation by timely advancing the rents to the Defendants. On or about October 15, 2021, Plaintiff notified Defendants that the apartment's stove was not working; in addition to other needed repairs. Rather, emboldened by the Justice Court's ruling, Defendants continue to discriminate and retaliate, against

---

[1] The Court previously declined to treat Plaintiff's response, titled *Brief in Support of Plaintiff's Objections to Defendant's Motion to Dismiss and Plaintiff's Motion for Summary Judgment*, Doc. 19, as a summary judgment motion because it was premature. Doc. 23; *see* FED. R. CIV. P. 56(d).

>    Plaintiff failing to make reasonable repairs required in order to make the apartment livable.

Doc. 1-3 at 68-69.

### 1. FHA and TFHA Claims

The FHA makes it unlawful to "refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). The definition of a "discriminatory housing practice" also includes discriminating "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race . . . ." 42 U.S.C. § 3604(b). To establish discrimination, the protected trait need only be "one significant factor" in the defendant's motivation to violate the FHA. *Simms v. First Gibralter Bank*, 83 F.3d 1546, 1556 n.30 (5th Cir. 1996). A plaintiff may demonstrate either proof of discriminatory intent (disparate treatment) or a significant discriminatory effect (disparate impact). *Id.* at 1555. The TFHA prohibits the same discriminatory housing practices, *see* TEX. PROP. CODE § 301.021, and the analysis is substantially the same.

Defendant argues Plaintiff fails to state a claim under either the TFHA or the FHA because he "failed to identify any specific FHA provision which [Defendant] allegedly violated or any facts demonstrating racial discrimination." Doc. 7 at 13. Upon review, it appears Plaintiff may intend to assert a disparate treatment claim, but he alleges no substantive claims of discrimination. First, the FHA does not protect post-acquisition occupancy of housing, which constitutes the bulk of Plaintiff's complaint. *Cox v. City of Dall.*, 430 F.3d 734, 742-43 (5th Cir. 2005); *see also Reule v. Sherwood Valley I Council of Co-Owners Inc.*, 235 F. App'x 227, 227 (5th Cir. 2007) (finding a plaintiff's FHA claims failed "because they go to the habitability of her

condominium and not the availability of housing"). Moreover, Plaintiff fails to allege any plausible facts from which it can be gleaned that Defendant's purported discriminatory actions against him were based on Plaintiff's race. Plaintiff's "conclusory allegations [and] legal conclusions masquerading as factual conclusions [do] not suffice to prevent a motion to dismiss." *S. Christian Leadership Conf. v. Sup. Ct. of State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (quotation omitted).

### 2. DTPA

The DTPA makes actionable certain "[f]alse, misleading, or deceptive acts or practices in the conduct of any trade or commerce." TEX. BUS. & COM. CODE. § 17.46(a). To state a DTPA claim, Plaintiff must show (1) he is a consumer, as that term is defined in the DTPA; (2) Defendant engaged in one or more of the false, misleading, or deceptive acts the DTPA prohibits; and (3) these acts caused Plaintiff damages. *Doe v. Boys Club of Greater Dall., Inc.*, 907 S.W.2d 472, 478 (Tex. 1995) (citing TEX. BUS. & COM. CODE § 17.50(a)(1)).

Here, Plaintiff claims in his Amended Complaint that Defendant "violated the DTPA when [it] engaged in false, misleading, or deceptive acts or practices in relation to the transaction and/or failed to disclose as set forth under §17.46 of the Texas Business and Commerce Code, including, but not limited to, §§ 17.46(b)(5), (7), and/or (24)." Doc. 1-3 at 69. Defendant argues Plaintiff's DTPA claim fails because "Plaintiff has not identified any specific statement made by [Defendant] that was false or misleading, much less identified the alleged speaker, or when or where the allegedly misleading statement was made." Doc. 7 at 19-20. Upon review, the Court agrees that Plaintiff's Amended Complaint never identifies the "transaction" or any other false, misleading, or deceptive conduct by Defendant. As such, Plaintiff's DTPA cause of action thus fails to state a claim on which relief can be granted.

### *3. Negligence*

The elements of a negligence claim under Texas law are: "(1) a legal duty on the part of the defendant; (2) breach of that duty; and (3) damages proximately resulting from that breach." *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 466 (5th Cir. 2003) (citing *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998)).

In the case *sub judice*, Plaintiff's negligence claim alleges without any plausible factual enhancement that:

> Defendant(s) were negligent in one or more of the following ways:
>
> a. Failing to rent property in a reasonable safe condition
> b. Failing to notify Plaintiff in a reasonable time prior to turning off water.
> [c.] Alleging that a crime occurred with the Dallas Police Department.

Doc. 1-3 at 69. The Amended Complaint further avers that as a result of Defendant's negligent conduct, "Plaintiff suffered and will continue to suffer in the future, actual damages within the jurisdictional limits of the Court, including but not limited to economic damages, past and future mental anguish, lost income, exemplary damages, pre-judgment and post[-]judgment interest, and costs of court." Doc. 1-3 at 71.

Defendant argues, *inter alia*, that "Plaintiff cannot establish [Defendant] was negligent" because "Plaintiff has not stated a claim that he has been damaged." Doc. 7 at 19. Upon review, the Court finds that Defendant's Amended Complaint is indeed insufficient in that regard.

Beyond Plaintiff's conclusory statements outlined *supra*, Plaintiff fails to assert any facts demonstrating that he was injured by Defendant's allegedly negligent conduct. *See, e.g.*, *Contreras v. Foster Electric (U.S.A.), Inc.*, No. EP-21-CV-120-DB, 2022 WL 95450 (W.D. Tex. Jan. 10, 2022) (dismissing plaintiff's negligence claim for his failure to plead defendant's actions caused his injury). Specifically, Plaintiff fails to allege facts demonstrating that he was harmed

by the purported unsafe rental conditions, his water being turned off, or Defendant alleging a crime was committed. Moreover, "a plaintiff cannot recover exemplary damages until he or she proves an entitlement to actual damages." *Newman v. Tropical Visions, Inc.*, 891 S.W.2d 713, 721-22 (Tex. App.—San Antonio 1994, writ denied) (collecting cases). For these reasons, Plaintiff fails to state a negligence claim.

### 4. *Breach of Contract*

In Texas, "the essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quotation omitted). "A breach of contract . . . only occurs when a party fails or refuses to perform an act that it expressly promised to do." *Gonzales v. Columbia Hosp. at Med. City Dall. Subsidiary LP*, 207 F. Supp. 2d 570, 575 (N.D. Tex. 2002) (Solis, J.) (citation omitted).

Defendant argues Plaintiff fails to state a claim for breach of contract because Plaintiff does not allege Defendant breached the parties' lease agreement and does not show an alleged breached caused Plaintiff's damages. Review of the Amended Complaint reveals that Plaintiff alleges in in conclusory fashion that he "executed a valid and enforceable contract [his lease]," which provided that "Plaintiff[] would pay money to Defendant[] in exchange for the use of Defendant['s] property." Doc. 1-3 at 70. Plaintiff goes on to plead that he tendered performance of his contractual obligation by paying money to Defendant "per the terms of their contract." Doc. 1-3 at 70. While these allegations minimally allege the first and second elements of a contract claim, Plaintiff wholly fails to allege what, if any, provision of the lease agreement Defendant breached or how Plaintiff was damaged as a result. This deficiency is fatal to

Plaintiff's breach of contract claim. *See Watson v. Citimortgage, Inc.*, 814 F. Supp. 2d 726, 732 (E.D. Tex. 2011) (citation omitted) ("[I]n order to properly plead a claim based on breach of the Note and Deed of Trust, [p]laintiffs must point to a specific provision in the contract that was breached by the [d]efendant."). As such, Plaintiff fails to state a viable breach of contract claim.

### 5. Civil Conspiracy

The elements of civil conspiracy are: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result." *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005). Defendant argues Plaintiff's claim for civil conspiracy should be dismissed because, *inter alia*, the Amended Complaint contains "no allegations regarding a combination of two or more persons." Doc. 7 at 20. The Court agrees. Plaintiff's complaint only mentions Defendant; consequently, Plaintiff fails to plead even the first required element; thus, his civil conspiracy claim should be dismissed.

### B. Leave to Amend

A court may dismiss a claim that fails to meet the pleading requirements, but "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). Plaintiff has not previously been granted leave to amend by this Court with respect to the claims in the operative complaint. Additionally, Plaintiff's *pro se* Amended Complaint was filed under the pleadings applicable to state court actions. Thus, Plaintiff should be given the opportunity to file a second amended complaint. *See Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) (holding that dismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified).

## IV. CONCLUSION

For the foregoing reasons, *Defendant's Motion to Dismiss Plaintiff's Amended First Original Petition*, Doc. 6, should be **GRANTED**, and Plaintiff's claims should be **DISMISSED WITHOUT PREJUDICE**. However, if Plaintiff fails to cure the deficiencies noted herein by filing a second amended complaint within 14 days of the acceptance of this recommendation, upon Defendant's re-urging, Plaintiff's claims should be dismissed with prejudice.

**SO RECOMMENDED** on September 2, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).