IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| QUALON QUEON DOUGLAS, I, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-100-K-BN |
| | § | |
| DORCHESTER PROPERTIES LTD, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. *See* Dkt. No. 32.

Defendant Dorchester Properties Ltd ("Dorchester") has filed a motion to dismiss for failure to state a claim. *See* Dkt. No. 27. Plaintiff Qualon Queon Douglas, I has filed a response, *see* Dkt. No. 30, and Dorchester has filed a reply, *see* Dkt. No. 31.

The undersigned now issues the following findings of fact, conclusions of law, and recommendation that the Court grant Dorchester's motion to dismiss for failure to state a claim.

**Background**

This case concerns Douglas's apartment lease with Dorchester. Douglas first tried to lease an apartment from Dorchester in November of 2017. *See* Dkt. No. 26 at 4. Despite Dorchester's website displaying several vacancies and Douglas having

been approved for apartments with several other agencies, Douglas was told there were no apartments available. *See id.* Douglas alleges that this is because he is African American. *See id.* It took over 60 days for Dorchester to approve Douglas's application for an apartment. *See id.*

Douglas claims that Dorchester engaged in a pattern of mistreatment of African Americans. *See id.* at 5. He also claims that Dorchester left damage in its apartments unrepaired. *See id.* at 2.

On February 13, 2021, Texas was hit by Winter Storm Uri. *See* Dkt. No. 28 at 7. On February 16, 2021, Dorchester sent an email notification to its residents that it would be shutting off water to the apartments. *See id.* at 8. The water was shut off for four days. *See id.*

Douglas filed an Amended First Original Petition in state court on December 17, 2021. *See* Dkt. No. 1-3 at 67. Dorchester timely removed to this Court. *See* Dkt. No. 1. The Court dismissed the Amended First Original Petition without prejudice, granting Douglas leave to file a second amended complaint. *See* Dkt. No. 25. He filed a Second Amended Complaint on September 20, 2022. *See* Dkt. No. 26. Dorchester then filed this motion to dismiss. *See* Dkt. No. 27.

**Legal Standards**

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough

facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3),

(d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. That rationale has even more force in this case, as the Court "must construe the pleadings of pro se litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *see also Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("The Civil Rules provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes,' including for ruling on a motion to dismiss." (quoting Fed. R. Civ. P. 10(c); citations omitted)). And, "[w]hen 'an allegation is contradicted by the contents of an exhibit attached to the

pleading, then indeed the exhibit and not the allegation controls.'" *Rogers v. City of Yoakrum*, 660 F. App'x 279, 285 n.6 (5th Cir. 2016) (per curiam) (quoting *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citing, in turn, *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940))). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss,

in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

## Analysis

### I. The undersigned will not consider attachments and appendices that are not central to Douglas's claims.

#### A. Attachments to the Complaint

In its motion to dismiss, Dorchester objects to the attachments to Douglas's complaint. *See* Dkt. No. 28 at 22. Dorchester argues that the attachments lack authentication. *See id.*

Most of the attachments are purported email exchanges between Douglas and Dorchester. *See* Dkt. No. 26 at 11-19, 22-37. Even if the undersigned were to accept that these are accurate depictions of the communications between Douglas and Dorchester, these email exchanges only repeat what Douglas pleads in his complaint. They are not central to the claims; they are simply evidence supporting them. *See*

*Kaye*, 453 B.R. at 662 (explaining that, "if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint"). And so the undersigned will not consider them.

Douglas also attaches the Declaration of James Crabtree to his complaint. *See id.* at 20-21. This declaration only reiterates what Douglas pleads in his complaint and is not central to the complaint. And so the undersigned will not consider it.

### B. Appendix to the Motion to Dismiss

Dorchester attaches an appendix to its motion to dismiss. *See* Dkt. No. 29. The appendix contains several documents previously filed in this case's history, before it was removed to this Court. These documents are neither referenced in Douglas's pleadings nor central to Douglas's claims. *See Collins*, 224 F.3d at 498-99. And so the undersigned will not consider the documents in the appendix. To the extent that Dorchester uses the appendix as supporting evidence for its motion, particularly the attachments to the motion for summary disposition – the declaration of the manager of Dorchester Apartments, Douglas's lease, emails to residents, and articles about Winter Storm Uri – Dorchester approaches the line of asking the Court to look beyond the pleadings, which is not appropriate in deciding a Rule 12(b)(6) motion. The undersigned declines to consider this evidence as to this motion. *See Spivey*, 197 F.3d at 774; FED. R. CIV. P. 12(d).

### C. Attachment to the Response to the Motion to Dismiss

Douglas attaches a purported email communication with Dorchester to his response to the motion to dismiss. *See* Dkt. No. 30 at 7. This attachment is not

attached to Douglas's complaint, nor is it central to Douglas's claim. *See Collins*, 224 F.3d at 498-99. And so the undersigned will not consider it.

**II. Douglas's response to the motion to dismiss does not defend his claims under the Deceptive Trade Practices Act, breach of contract, or negligence, and so he has abandoned those claims.**

At the motion to dismiss stage, plaintiffs must defend their claims against the movant's arguments in order to preserve those claims. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (holding that although the plaintiff tried to establish a claim in her complaint, she abandoned that claim because she did not defend it in her response to the defendant's motion to dismiss and thus "fail[ed] to pursue this claim beyond her complaint [which] constituted abandonment"). Courts are strict about this requirement, even when the plaintiff is *pro se*. *See Draper v. Deutsche Bank Nat'l Tr. Co. as Tr. for Saxon Asset Sec. Tr. 2007-3, Mortgage Loan Asset Backed Certificates, Series 2007-3*, No. 3:18-cv-2904-L, 2019 WL 13240973 at \*7-\*8 (N.D. Tex. Sept. 30, 2019) (holding that a *pro se* plaintiff who presented no arguments in defense of her claims in her response to the defendant's motion to dismiss abandoned her claims); *Reese v. Wells Fargo US Holdings, Inc.*, No. 3:19-cv-799-S-BK, 2020 WL 874807 at \*1 (N.D. Tex. Jan. 30, 2020) (holding that a *pro se* plaintiff who failed to address the arguments from the defendant's motion to dismiss in their response abandoned their claims), *rep. and rec. adopted*, 2020 WL 870227 (N.D. Tex. Feb. 20, 2020).

Dorchester argues in its reply that Douglas failed to respond to Dorchester's specific arguments and so abandoned his claims. *See* Dkt. No. 31 at 3. Douglas's

response did not mention his claims under the Deceptive Trade Practices Act ("DTPA"), breach of contract, or negligence. And so the Court should consider these arguments to be abandoned.

But Douglas did reassert his Fair Housing Act ("FHA") claim in his response and responded to one of Dorchester's arguments regarding his FHA claim. *See Gaines v. City of Dallas*, No. 3:17-cv-1867-L-BH, 2018 WL 2335468 at \*6 n.4 (N.D. Tex. Apr. 13, 2018), *rep. & rec. adopted as modified*, 2018 WL 2329311 (N.D. Tex. May 22, 2018) ("Plaintiff did not fail to respond" to the motion to dismiss "because she reasserted her claims in her response" and therefore did not abandon her claims). And so the undersigned will address this claim.

Finally, Douglas appears to assert a claim under Texas Property Code § 92.053 for the first time in his response to the motion to dismiss. But, if a plaintiff raises an argument for the first time in a pleading filed in response to a motion to dismiss instead of in their complaint, the argument is not properly before the court. *See Dixon v. Ally Bank*, 853 Fed. App'x 977, 978 (5th Cir. 2021). And so the undersigned will not consider this argument.

### III. Douglas's claim under the Fair Housing Act is barred by the statute of limitations.

"It is unlawful under 42 U.S.C. § 3604(d) to 'represent to any person because of race ... that any dwelling is not available for inspection, sale, or rental when such dwelling is in fact so available.' To prove that an action was discriminatory under § 3604, a plaintiff must establish (1) that defendant's stated reason for its decision was pretextual, and (2) a reasonable inference that race was a significant factor in the

refusal." *Hood v. Pope*, 627 Fed. App'x 295, 298 (5th Cir. 2015). "An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A).

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015) (cleaned up). Douglas alleges that Dorchester discriminated against him in November of 2017 when Dorchester's representative told him that there were no apartments available despite Dorchester's website showing availability. *See* Dkt. No. 26 at 4. And, according to the live complaint, Douglas was eventually able to rent an apartment in January of 2018. *See id.* at 5. These allegations make it evident that, prior to filing this case, the two-year statute of limitations had expired following the occurrence or termination of this alleged discriminatory housing practice.

Douglas's pleadings fail to raise a basis for tolling or the like. Douglas does appear to argue that the statute of limitations should be reset because he has renewed his lease several times. But the statute of limitations is tied to the alleged discriminatory act. This deficiency in Douglas's claim cannot be cured by repleading, and so the FHA claim must be dismissed with prejudice.

**IV. Douglas should be granted leave to amend his pleadings.**

Douglas requests leave to amend his pleadings in the event that his pleadings do not survive the motion to dismiss. *See* Dkt. No. 30 at 5.

"Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000).

Douglas was previously given a chance to replead his claims. *See* Dkt. No. 25. But he has not benefitted from repeated opportunities to do so. Further, here, the undersigned was not able to discuss the merits of the DTPA, breach of contract, and negligence claims. The undersigned is inclined to permit Douglas, who is proceeding *pro se*, another chance to plead his claims. Douglas should keep in mind Dorchester's arguments in its motion to dismiss when repleading his claims.

## Recommendation

The Court should grant Defendant's motion to dismiss [Dkt. No. 27] and dismiss Plaintiff's Fair Housing Act claim with prejudice and dismiss Plaintiff's Deceptive Trade Practices Act claim, breach of contract claim, and negligence claim without prejudice and grant Plaintiff 21 days from the date of any order adopting these Findings, Conclusions, and Recommendation in which to file an amended complaint to replead his Deceptive Trade Practices Act claim, breach of contract claim, and negligence claim, if he can, consistent with this recommendation and the

conclusions and findings above and should order that, if he fails to do so, those claims will be dismissed with prejudice without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 17, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE