IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| QUALON QUEON DOUGLAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-0100-K |
| | § | |
| DORCHESTER PROPERTIES, LTD., | § | |
| | § | |
| Defendant. | § | |

# **ORDER**

The Court entered judgment dismissing Plaintiff Qualon Queon Douglas's complaint with prejudice on August 31, 2023. *See* Doc. No. 48; *see also* Doc. Nos. 44-45, 47. Later that same day, Plaintiff filed "Plaintiff's Third Amended Original Complaint". Doc. No. 49.

Because this filing was made within 28 days of judgment, the Court will construe it as a motion under Federal Rule of Civil Procedure 59(e). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam); *see also, e.g., Menard v. Bd. of Trus. of Loyola Univ.*, Nos. Civ. A. 03-2936, 03-2199, 2004 WL 193121, at *2 (E.D. La. Jan. 30, 2004) (citations omitted) ("The Court may construe a post-judgment motion to amend as a motion filed under Federal Rule of Civil Procedure 59(e)."); *cf. Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (cleaned up) (noting the need for the

district court to rule on Rule 59(e) motions, to "restore the finality of the original judgment" and "start the 30-day appeal clock").

Rule 59(e) "is 'an extraordinary remedy that should be used sparingly.'" *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). Plaintiff fails to show a basis for this remedy. Controlling law has not changed since the Court entered judgment; Plaintiff presents no newly discovered evidence; nor does Plaintiff show that the Court need correct a manifest error of law or fact. *See id.*; *Demahy*, 702 F.3d at 182.

The Court therefore **DENIES** the construed Rule 59(e) motion.

**SO ORDERED.**

Signed September 1st, 2023.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE